# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## LOCKWOOD v. HOLLIDAY, TRUSTEE, et al.

### Decided May 1, 1880.

16 651
39 661
16 651
41 316
16 651
48 297
48 371
16 651
49 522

1880
Special Term.

Lockwood
v.
Holliday, trustee, *et al*

16 651
64 61

1. A consent decree dismissing a bill with costs, with no saving therein of the right to bring another suit, is an adjudication of the merits of the cause.

2. Parol evidence, in the absence of fraud or mistake, will not be received to engraft upon or incorporate with a valid written contract an incident occurring contemporaneously therewith and inconsistent with its terms.

Appeal from and *supersedeas* to two decrees of the circuit court of the county of Marshall, rendered, one on the 12th day of December, 1876, and the other on the 8th day of August, 1877, in a cause in chancery in said court then pending, wherein J. H. Lockwood was plaintiff and R. C. Holliday, trustee, and others were defendants, allowed upon the petition of said Lockwood.

Hon. T. Melvin, judge of the first judicial circuit, rendered the decrees appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case :

The plaintiff, Lockwood, and James Burley in his lifetime had large dealings with each other, and on the 16th day of December, 1869, a short time before the said James Burley died, and while he was quite sick, they made a settlement, in which it was ascertained that the

1880
Special Term.

Lockwood
v.
Holliday, trustee, *et al.*

said Lockwood was indebted to said Burley in the sum of $4,000.00, for which the said Lockwood and wife on the 25th day of December, 1869, executed a deed of trust to R. C. Holliday, trustee, to secure the said debt. After said Burley's death, to wit, in July, 1873, said Lockwood obtained an injunction to restrain the sale under said deed of trust, among others upon the ground that mistakes to a large amount were made against him in said settlement, and that said settlement was made under unfavorable circumstances, said Burley being, as he alleged, in a dying condition, and that he was denied access to papers that were necessary to a correct settlement, &c., and among other things prayed for an account between himself and the estate of said Burley. Said Lockwood took a number of depositions in the cause, to support his bill, and on the 6th day of April, 1874, a *consent* decree was entered in the cause, dissolving the injunction and dismissing the bill, with costs.

On the 27th day of January, 1874, Lockwood entered into the following agreement:

"This agreement made this 27th day of January, 1874, between Jonathan H. Lockwood, and Joshua Burley, administrator of the estate of James Burley, deceased, of the first part, and L. T. Gray, W. J. Purdy and Hanson Criswell of the second part witnesseth: That whereas there are now certain deeds of trust on two tracts of land of about thirteen acres owned by said Lockwood, embracing such portions of what are known as the Mound and Seminary fields, remaining unsold, which said deeds of trust, are respectively held by Mrs. John Bell, James R. Bell, and the heirs of James Burley, deceased; the deed of trust of Mrs. John Bell and James R. Bell is to secure the principal sum of $6,500.00, on which there is some interest, and the deed of trust held by the said Burley's heirs is to secure the principal of $4,000.00 on which there is also interest; and whereas the said Lockwood agrees to pay the whole of the said Bell deed of trust and interest, and being desirous to

1880
Special Term.

Lockwood
v.
Holliday, trustee, et al.

avoid any sacrifice of his property, and desiring that the land shall be sold as soon as possible in such parts or parcels as may be most advantageous to himself and the *cestuis que trust*, and said J. H. Lockwood having agreed that said parties of the second part should sell and dispose of said land and apply the proceeds of the sale or sales to the discharge of the said deeds of trust, and in order that said lands may be sold to the best advantage, it is deemed necessary that the title to the same shall be vested in said parties of the second part, and that all liens be released on the same; and, whereas, the said Bells upon the payment of their debt agree to release said land from the operation of said trust, the said Jonathan H. Lockwood, therefore, agrees to execute to said parties of the second part a good and sufficient deed of general warranty for said land, and said Joshua Burley, administrator aforesaid, agrees to execute a release of the deed of trust on said two pieces of land as aforesaid from the operation of said deed of trust on said two pieces of land as aforesaid. Any arrangement as may be necessary to secure the release of said Bell's deed of trust is to be made by Jonathan H. Lockwood. The said parties of the second part agree to sell and dispose of said land upon the most advantageous terms they can secure or obtain, and apply the proceeds first to the payment of the claim held by said Bells, and if anything remains after the payment of all expenses attending the execution of this contract, it is to be applied to the payment of the balance on the said Burley's claim of $4,-000.00, after deducting therefrom the one-half of the Bells' claim when paid. Said parties of the second part, as compensation for their services, shall receive out of the sales fifteen per cent., which, with expenses of advertising and other contingent and necessary expenses, shall be deducted from the sales when made. Said parties of the second part shall sell said lands for one third cash and balance in one and two years, taking deeds of trust to secure back payments, and they are to have ——

1880
Special Term.

Lockwood
v.
Holliday, trustee, et al.

months in which to perform their part of this agreement. " Witness the following signatures and seals :

"J. H. LOCKWOOD,      [Seal.]
"JOSHUA BURLEY,      [Seal.]
"L. T. GRAY,           [Seal.]
"W. J. PURDY,         [Seal.]
"HANSON CRISWELL. [Seal.]"

Afterwards in August, 1876, the said J. H. Lockwood filed another bill in the circuit court of Marshall county, in which he alleged substantially what was alleged in his first bill in reference to the said settlement. With this bill he exhibits the record in the former suit, which was by *consent* dismissed. The bill alleges that while said suit was pending the plaintiff being anxious to avoid litigation and save expense and trouble accepted the proposition of the defendants for a compromise, made through Joshua Burley, the administrator, &c., and William Burley for themselves and as agents for the other defendants. "It was agreed by and between them, if plaintiff would convey certain of his lands to L. T. Gray, W. J. Purdy and Hanson Criswell, to the end that they might be sold and the proceeds applied in discharge of the claim of said Bells, that they, the said defendants, would abate the interest on the said note of $4,000.00 and give him credit on the land for one half the amount paid on account of said Bells' claims, and plaintiff agreeing that should the proceeds of the sale of land to be conveyed to said Gray, Purdy and Criswell be more than sufficient to pay said Bells' claims, the excess should be applied in discharge of the balance on said $4,000.00."

The bill then exhibits the agreement above copied, and alleges that he complied therewith ; that out of the proceeds of the sale he paid the Bell claims in full, and after receiving the credit according to said agreement on said note of $4,000.00, reduced the same, abating the interest, to $442.00, on the 23d of February, 1875 ; that at the time he tendered the same to Joshua Burley, ad-

ministrator, &c., which tender was refused ; that "said defendants now intend to injure, cheat and defraud the plaintiff, and pretending that there was no agreement to abate the interest on the $4,000.00, and if there was, that it is not binding, have directed R. C. Holliday, the trustee named in said deed of trust, to sell the lands of the plaintiff, named therein, to satisfy a claim as balance on said note of $1,656.63; " that by the agreement of the defendants to abate said interest there is only due on said note $442.00, which has been tendered ; that but for said agreement plaintiff would not have covenanted or agreed to the dismissal of said suit; nor would he have consented to the payment of said $4,000.00 ; that after having made the compromise the defendants should be compelled to accept the said $442.00, which he is ready and willing to pay, or rescind the agreement in reference to said compromise. The bill prays an injunction against the defendants from proceeding to enforce said deed of trust, and for general relief.

The answer of the administrator, Joshua Burley, denies the agreement to abate the interest, and pleads the decree in the former suit in bar of this. William J. Burley also answered the bill ; and in his answer denies the compromise set up in the bill by which the interest on the $4,000.00 note was to be abated. The trustee, R. C. Holliday also answered the bill.

Depositions on both sides were taken ; and on the 8th day of August, 1877, the circuit court of Marshall county entered a decree in the cause, dissolving the injunction and dismissing the bill with costs. From this decree Lockwood appealed and obtained a *supersedeas.*

*Criswell & Davenport,* for appellant, cited the following authorities :

1 Story Eq. Juris. (9th Redf. ed.) 131a, 138 i ; 6 Jurist U. S. 360; 10 Jurist U. S. 783 ; 4 Lans. 41 ; 35 Vt. 252; 3 Call 439.

1880
Special Term.

Lockwood
v.
Holliday, trustee, *et al.*

Syllabus 1.

Syllabus 2.

*Holliday & Son*, for appellees, relied on the following authorities:

10 W. Va. 250; 6 Gratt. 633; 13 Grat. 705; 18 Gratt. 184; 11 Gratt. 301.

JOHNSON, JUDGE, delivered the opinion of the Court:

It is here insisted for appellant, that the court erred in dissolving the injunction and dismissing the bill, on the ground that by mistake or fraud the defendants induced him to dismiss his former suit, and refuse to comply with the alleged agreement to abate the interest on the debt.

The first suit, by a consent decree entered thereon was dismissed. A consent decree dismissing a bill with costs, with no saving therein as to the right to bring another suit is an adjudication of the merits of the cause.

The plaintiff seeks to avoid the effect of said decree in the former suit, on the ground that the defendants proposed, that, if he would make certain promises for the payment of the note of $4,000.00 secured by deed of trust, they would abate the interest on said debt, and says that he accepted this proposition, and dismissed the suit ; and they now deny, that there was any such agreement to abate the interest. The plaintiff files with his bill this agreement, which contains the promises for the payment of the debt of $4,000.00, which was certainly very favorable to Lockwood, as it gave him a much longer time in which to pay the debt, and tended certainly to save his property from sacrifice. But this agreement clearly on its face provides for the payment of the *interest* as well as the principal of the note of $4,000.00. He does not directly allege that it was by *mistake* omitted from the agreement, but that is the inference we are left to draw from the frame of his bill. He alleges in dis- tinct terms, that defendants agreed to *abate* the interest, and files as an exhibit an agreement that shows there was no such agreement.

Parol evidence will not be received to engraft upon,

or incorporate with, a valid written contract an incident occurring contemporaneously therewith and inconsistent with its terms. *Touras* v. *Lucas*, 13 Gratt. 705. Even if fraud, or mistake in the procurement of the agreement was alleged in the bill, the proof wholly fails to sustain it. I have carefully examined the whole record, and I fail to find anything in the facts or the law of the case, that would not warrant the decree of the court.

1880
Special Term.

Lockwood
v.
Holliday, trustee, *et al.*

The decrees of the circuit court of Marshall county, rendered in this cause on the 12th day of December, 1876, and on the 8th day of August, 1877, must therefore be affirmed, with costs and $30.00 damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.