# CHARLESTON.

FOUTTY *v.* POAR.

(LUCAS, PRESIDENT, absent.)

Submitted January 16, 1891.—Decided March 11, 1891.

1. ANSWER—RECOUPMENT—PLEADING.

　　A claim for recoupment in an answer does not make such answer one setting up new matter calling for affirmative relief, and no special reply thereto is necessary, but such claim is only matter of defence to the bill, and is met by a general replication.

2. ANSWER—AMENDED ANSWER—PLEADING—MISTAKE.

　　Before a court should allow an amended answer to be filed, it ought to be satisfied that the reasons for it are cogent and satisfactory; that the mistakes to be corrected or facts to be added are made highly probable, if not certain; that they are material; that the party has not been guilty of negligence; and that the mistakes have been ascertained, and the new facts have come to the knowledge of the party, since the original answer was filed.

*Doolittle & Bryan* for appellant, cited Code, c. 125, ss. 35, 36, 38; 32 W. Va. 19; 10 W. Va. 42; Bar. Ch'y Pr. § 78; Id. p. 227; Id. s. 101; 14 W. Va. 637; 23 W. Va. 760; 22 Gratt. 814; 2 Sto. Eq. § 779 (a.).

*Campbell, Marcum & Holt* for appellee, cited Big. Estop. (4th Ed.) 687; 4 H. & M. 405; Sto. Eq. Pl. 896; 3 Sumn. 583; 2 Rob. (old) Pr. 316; 4 Johns. Ch'y 375; 4 Min. Inst., p't 2, p. 1194; Sand's Suit Eq. (2d Ed.) 374; 3 W. Va. 138; Code, c. 134, s. 4; 10 W. Va. 42; 32 W. Va. 19; 32 Wend. 156; 23 How. 235; 2 P. & H. 140; 5 Rob. Pr. 271.

BRANNON, JUDGE :

Commodore Foutty filed his bill in chancery in the Circuit Court of Cabell county against Elizabeth R. Poar to assert a mechanic's lien for work done in the construction of an hotel in Huntington, and obtained a decree subjecting the property to it; and Mrs. Poar has appealed to this Court.

Mrs. Poar's first answer denies that she ever employed Foutty directly or indirectly to do work on the hotel, or promised pay for it, and says that she owes him nothing. No purpose can possibly be answered by detailing evidence on this question of fact, and I simply say that we think that on the issue made by the bill and first answer the court properly decided the case. Moreover, the evidence conflicted on this point, and it is one of those cases where the finding below is entitled to decisive weight.

This answer was filed February rules, 1889, and on the 23d August, 1889, when the case was offered for hearing, the defendant tendered an amended answer, which was allowed to be filed, against the objection of the plaintiff. It set up that the defendant contracted with J. T. Hoback to do the work referred to in the bill as contracted for by Foutty, and that she was informed and believed that Hoback and plaintiff were partners in the work, and pleads the non-joinder of Hoback as a plaintiff; and states further, that the work was badly done, and that she was damaged two hundred dollars thereby, and asked a recoupment for it. The defendant, when she filed this amended answer, agreed that it should not delay the case, and it was heard on the same day.

It is contended that the claim for recoupment is such matter as made this answer one setting up new matter calling for affirmative relief, and, in the absence of a special reply, the answer in that regard should have been taken as true, and the recoupment allowed.

Very plainly this is not so; for the recoupment claimed arose out of the execution of the work, not an independent transaction, and was purely matter of defence, and was met by the general replication. It is settled and clear in principle that where matter is purely in defence of the cause of suit in the bill alleged, and not calling for a cross-bill, an answer containing it is only an answer under the ordinary chancery practice, not one containing new matter constituting a claim for affirmative relief and does not call for a reply under section 35, c. 125, Code. *Moore* v. *Wheeler*, 10 W. Va. 42 ; *Cunningham* v. *Hedrick*, 23 W. Va. 579 ; *Smith* v. *Turley*, 32 W. Va. 14 (9 S. E. Rep. 46). And surely recoup-

ment is purely matter of defence, that may be made by ordinary answer. Here it is something kept back or kept out of the compensation for the work for the reason that it was badly done.

As to that feature of the amended answer alleging that Hoback was a partner, he did not claim to be a partner but denied the partnership on oath, and Foutty did not recognize him as a partner or as entitled to any share in the compensation for the work. It would not be expected that he would be a plaintiff; and it was unnecessary to make him a party, because he twice denies under oath that he was a partner, and he, above others, would know the fact, for he made the contract with Foutty for Mrs. Poar. Other evidence and facts also deny it. The case does not show that Hoback was a partner, and it was unnecessary to make him a defendant by amendment.

Moreover, this amended answer came too late; at least, no reason was shown for its filing, but reasons appeared against it. If Hoback was a contractor, it is strange it was not known and stated in the first answer; and, if the work was defective, strange that it was not known then. No reason was shown for its filing. To file an amended answer, it should appear that the reasons for it are cogent and satisfactory; that the mistakes to be corrected or facts to be added are made highly probable, if not certain; that they are material; that the party has not been guilty of gross negligence; and that the mistakes have been ascertained, and the new facts have come to the knowledge of the party, since the original answer. *Mathews* v. *Dunbar*, 3 W. Va. 138; *Wyatt* v. *Thompson*, 10 W. Va. 645; opinion in *McKay* v. *McKay*, 33 W. Va. 736 (11 S. E. Rep. 213). In addition, the depositions—the only ones tending to show that Hoback was a partner, and that the work was defective —were taken before the amended answer was filed; and from them it appears that these matters, instead of being probably true, were otherwise, and that there was no ground for the amended answer. I will add that the evidence did not sustain the claim for recoupment, and it was conflicting.

As the depositions were taken before the amended answer

was filed, when there was not in the pleadings any matter as to this recoupment claim, I do not think they could be read in support of such answer. Therefore we affirm the decree.

AFFIRMED.