## CHARLESTON.

ELLIOTT v. BELL et al.

Submitted January 23, 1892.—Decided April 1, 1893.

1. SET-OFF—JOINT AND SEVERAL DEMAND.
   A joint demand can not be set off against a separate demand. But a demand that is joint and several may be set off against a separate demand.

2. JOINT AND SEVERAL DEMAND.
   When a demand or right is joint; when joint and several.

3. JOINT AND SEVERAL DEMAND.
   When an obligation is undertaken by two or more, it is presumably a joint liability, unless there be express words to render it joint and several. Where an implied promise raised by law imposes a liability on two or more, it is joint only.

BUTCHER & HARDING for appellant.

E. D. TALBOTT for appellee cited 4 W. Va. 186; 10 W. Va. 236; Code, p. 451, s. 55; 2 Sto. Eq. Juris. (s. p.) 1432; Bar. Ch'y Pr. 24, 25; 1 High Inj. 239; 4 Johns. Ch'y 375; 1 Dan. Ch'y Pr. 782; Bar. Ch'y Pr. 177; 27 Gratt. 928; 7 W. Va. 690; 26 W. Va. 563; 21 W. Va. 83; Code, p. 882; 20 W. Va. 429, 447; Bar. Ch'y Pr. 1061.

BRANNON, JUDGE:

Elliott brought a chancery suit to enforce a judgment recovered by Woodford, Glasscock and Elliott against Bell against Bell's land; and, the judgment having been decreed against the land, along with others brought in under a convention of lienors under a commissioner's report, Bell appeals.

Bell complains that a claim in his favor was not allowed as a set-off. It was a sum of one hundred and two dollars and ten cents paid by him as toll on a turnpike to Woodford, Glasscock and Elliott in excess of the rate prescribed by law. The judgment sued upon was in favor of Woodford, Glasscock and Elliott; and the set-off was for toll collected by them after the judgment. The judgment was the sole

property of Elliott; Woodford and Glasscock having assigned their interests in it to Elliott.

This set-off, be it ever so valid a demand, is shut off as a set-off by that rule in the law of set-off that a joint demand can not be set off against a separate demand. *Porter* v. *Nekervis*, 4 Rand. (Va.) 359; *Perkins* v. *Hawkins*, 9 Gratt. 650; *Choen* v. *Guthrie*, 15 W. Va. 102. By the assignment of the judgment to Elliott it became his separate demand and as such was sued upon. If the demand of Bell against Woodford, Glasscock and Elliott were a joint and several demand, we might allow it as a set-off; for while the law, as just stated, is that a joint demand can not be set off against a separate demand, there is authority for the proposition, that, where one is a separate demand, and the other several as well as joint, they may be set off.

In *Porter* v. *Nekervis*, 4 Rand. (Va.) on page 360, it is stated that the set-off was denied because the debt was "joint, not separate or joint and separate;" and to the same effect is the rule as stated in Judge CARR's opinion. The rule is always stated as applicable to separate and joint demands, not joint and several.

Robinson's New Practice (volume 5, p. 971) says: "There may be set off against a sole plaintiff a bond or note binding him severally." A joint and several instrument binds him severally. In a note Robinson states that it is no objection to its being a good set-off, that such note or bond was executed by the party, against whom it is sought to set it off, with others if it be joint and several.

Waterman on Set-Off (sections 231 and 232) says: "Where parties enter into a joint and several bond, it becomes the separate debt of each, and may be therefore set off in a suit by the obligee in an action brought against him by either of the obligors;" and, "a joint and several note being a separate debt against each of the makers, as well as a joint debt against both, it may be set off in a suit by either of the makers against the holder."

These quotations serve the double purpose of showing that, while a separate demand and a joint and several one may be set off; yet, where there is on one side a separate demand and on the other one only joint, not joint and several, they can not be set off.

In this case the plaintiff's demand is separate—against Bell alone. What, then, is that which Bell seeks to set off? It is a joint liability against three, not joint and several. All three simply became liable, and that as joint debtors. 1 Pars. Cont. 11, correctly lays down the law to be that "wherever an obligation is undertaken by two or more, or a right is given to two or more, it is the general presumption of law that it is a joint obligation or right." Words of express joinder are not necessary for this purpose; but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right.

"Whether the liability is joint or several, or such that it is either joint or several at the election of the other contracting party, depends (the rule above stated being kept in view) upon the terms of the contract, if they are express, and, where they are not express, upon the intention of the parties as gathered from all the circumstances of the case. It may be doubted, however, whether anything less than express words can raise a liability which shall be at once a joint and several liability." To same effect, see 3 Rob. Pr. (New) 104; 1 Whart. Cont. § 827 ; 1 Add. Cont. 38.

I notice that section 4, c. 126, of the Code, in modifying the rule, that joint debts can not be set off against several debts, says that, although the claim of the plaintiff be jointly against several persons, and the set-off is a debt not to all but only to a part of them, they may be set off, if one is principal and the other surety in the joint demand ; not saying "jointly and severally." Why did the modification not say "jointly and severally?" Because it was not necessary. A joint and several demand could without the act be set off against a joint one; but a joint debt could not be, without legislation, set off against a joint and several demand.

In his note to *Carter* v. *Carter*, 2 Am. Dec. 115, Mr. Freeman says the tendency of the law is to regard obligations undertaken by several parties as joint, where there are no express words indicating a several obligation. In this case there was no express promise to repay the toll, no words or circumstances to make a several liability ; but the

law simply raised an implied promise to repay money had and received, and cast the obligation on the three men receiving it. Bell, if he sued for the demand, was bound to sue all three; clearly a joint liability. Therefore, this demand, being jointly against three, can not be set off against a separate demand, because of the rule first above stated. It may be that if this toll was paid before the judgment became the sole property of Elliott, or rather before notice that it was assigned, it would be different; but there is no showing or allegation as to this. It was incumbent on Bell to state and show such a state of facts as would make a good defence to the suit—not for plaintiff in his bill to anticipate an assignment.

The ten dollars claimed as a payment by Bell was properly rejected. It was paid in September, before the judgment, which was the 8th of October. Elliott says he credited it on his demand against Bell before he took judgment. At any rate, it was before judgment, and Bell's statement that Elliott agreed after judgment to credit it is contradicted by Elliott, with the burden on Bell, and both the commissioner and the court found against Bell.

The refusal to allow amended answer was not error. It came too late. *Matthews* v. *Dunbar*, 3 W. Va. 138; *Foutty* v. *Poar*, 35 W. Va. 70 (12 S. E. Rep. 1096). It was offered after the decree adjudicating the principles of the cause, and no excuse was offered for delay. The decree was a final one. *Core* v. *Strickler*, 24 W. Va. 689. The matter of the amended answer was in the report, to which Bell excepted, and thus we know he knew of it before the decree. The persons he desired by answer to be made parties were those whose presence was, if necessary, necessary for his interest; and it was incumbent on him to ask the court in time to make them parties.

It was not error to overrule the demurrer. The bill fully alleged the rendition of the judgment. Though it seems not to have been filed with the bill—although the bill professed to exhibit it—the allegations of the bill touching its existence would be taken as true on demurrer. The judgment was afterwards filed with a deposition, and was on the

hearing read as documentary evidence to prove itself, and, indeed, became a part of the bill.

The decree must be affirmed.

Affirmed.