# CHARLESTON.

## LONG *v.* PERINE.

Submitted September 10, 1897—Decided December 8, 1897.

1. JUDICIAL SALE—*Notice—Clerical Error.*
    A mere clerical error, self-corrective, in a notice of a judicial sale, will not affect it.   (p. 245.)

2. SUPREME COURT OF APPEALS—*Decree—Mandate.*
    A judgment or decree of this Court takes effect, at latest, from its date, and not from the receipt and recordation of the mandate in the office of the court below.   (p. 244.)

3. HARMLESS ERROR—*Reversal.*
    An error which does not prejudice a party cannot be made the cause of a reversal of a judgment or decree.   (p. 246.)

Appeal from Circuit Court, Taylor County.

Bill by George T. Long against Wilson Perine to enforce a vendor's lien.   Decree for plaintiff.   From an order confirming the sale, defendant appeals.

*Affirmed.*

Mr. Robinson, for appellant.

Brannon, Judge:

This case was once before in this Court.   41 W. Va., 314, (23 S. E. 611).   When the case went back, the commissioner sold the land.   His report was excepted to by the defendant, but the court confirmed the sale.   Before its confirmation, the defendant tendered a petition, which the court refused to allow to be filed.   We thus have to consider the exceptions to the report of sale and the said petition.

As to the exceptions:   One reason of exception is that the land was not advertised as provided for in the decree of sale.   Under this head it is assigned that the sale was advertised four weeks before and made on the same day that the mandate of the Court of Appeals, which affirmed the decree of sale, was received and recorded in the circuit court clerk's office.   I understand that it is contended that the mandate must have been recorded in the circuit court office before there could be notice of sale published, or a sale made ; but we hold that, when this Court adjourned, its decree was final, and relates back as far as its date, at least, if not the first day of the term, and that it is not the mandate or its recordation in the office of the court below which makes the decree.   The mandate is simply to become a part of the record in the court below by being recorded there, to furnish evidence there of what this Court has done, without the presence of which there it could not be seen what was done by this Court; but it is none the less the decree of this Court from the close of its term.   The record of this Court makes the decree.   Suppose the clerk should never certify the mandate ; it would not detract from the finality of the decree.   And, furthermore, when the sale took place, this mandate was on record, leaving only the notice of sale before its recordation. How could that hurt Perine ?   It is not like a money judgment affirmed.   There the statute says execution can be issued only after mandate.

The second ground of exception to the sale is that the price was inadequate, but no evidence to support it was furnished.

The third ground of exception is that the purchaser paid nothing to the commissioner. The commissioner reported that the purchaser did pay all down. No evidence was furnished to dispute this report, even if Long himself could dispute it.

The point is made that the sale notice fixed the day for the 9th of January, 1996. Of course, that is a mere clerical error, which any one would correct. No one would suppose that the sale was intended to be postponed a century, and would know that 1896 was meant.

Now, as to the petition: There had been a decree that was final, and adjudged the whole case. It is true that decree of sale gave the plaintiff present relief only as to one of the five notes for purchase money, that being the only one due at that time; but the suit was to enforce the lien for all, and the bill set up the lien and all those notes, and filed the deed from Long to Perine, retaining a lien for them all; so that, in fixing a lien for the note due, the decree logically declared a lien for the entire purchase money, though part was not yet due. Therefore the principles of the cause—that is, the right of the plaintiff to all the purchase money, and that there was a lien on the land—had been already adjudicated; and, if this petition intended to set up anything that was set up or might have been set up in bar of the first decree, that was foreclosed by it. *McCoy* v. *McCoy*, 29 W. Va., 794, (2 S. E. 809); *Core* v. *Strickler*, 24 W. Va., 689. The petition alleges that, in the settlement of the accounts of the administratrix of Long, only eighty dollars assets is reported, and the petition says that the notes given by Perine to Long, except the one first due, must have been transferred during the life of Long to some other person, and charges that Lizzie Long, administratrix, is not the holder or owner of said notes. I think that is covered by the former decree, as the bill alleged Long to be the holder and owner of said notes, and, if he was not, it should have been alleged in the answer. But say that, as there was no decree on those notes in the first decree, their ownership was open to contention. Then I reply that this petition, treated as a further answer,—and we cannot treat it as a petition, for as such it has no office,—is utterly defective

in this matter, because it does not say to whom the notes were transferred, but contents itself with simply the argumentative statement that they "must have been transferred," not even averring the fact of transfer as a positive fact. If we treat it simply as an answer denying the ownership, that would make it deny a fact alleged in the bill, and already passed on by the former decree. The petition further says that the defendant "has a just and proper offset to each and all of said unpaid purchase-money notes, and that, when said offsets are allowed him, there will be little or nothing due from him on said notes." What offsets? The petition does not say. It gives no specifications or certainty. Does it refer to offsets or defenses set up in the first answer? If so, he is precluded from pleading them by the former decree, for offsets and defenses that would apply to one of the notes, given for part of the money secured by one and the same lien, would apply to other notes as well. We cannot divide this lien into fractions. If it intends to refer to new offsets, then they should have been specified. The bill was based, not on the notes, but on the lien; and many decisions say that the lien is one thing, the notes another. The petition exhibits a record of a chancery cause brought by Long's administratrix against the heirs to sell his real estate for debts because of inadequacy of personalty to pay them, and then avers that petitioner, "though a creditor of Long, as appears of record in this cause, was not made a party to the said chancery suit." How does it appear of record in this case that he is such creditor? The former decree denied that he was such creditor, and precludes him from claiming to be such by reason of anything contained in the record of this cause; and, most clearly, it cannot be an objection to the confirmation of the sale in this cause that Perine was not made a party in the other cause.

It is assigned as error that the court decreed the whole proceeds of sale at once to Long's administratrix, though some of the notes were not yet due, and the sale produced more than enough to pay the notes already due, but not enough to pay all the notes, or rather all the lien. The purchaser was the same person as the administratrix. It is true that the estate would thus get some of the money

before it was due; but is not this error wholly unsubstantial? All that money was going to Long's administratrix, and still a balance unpaid by the sale. Perine could not get any of it. It would only lie in court, awaiting the maturity of the two last notes, and then be decreed to Long's estate; so that, at worst, the court has only done prematurely what it would have done ultimately,—only anticipated payment a short time. It did not deprive Perine of credit, because the land had been sold from him, and his debt bore interest; so that the interest on the purchase money would go to Long to offset interest due from Perine,—and I cannot see what harm is done to Perine in this matter. In fact, some argument might be made to the effect that, as Perine had failed to pay the money that was matured, the contract was broken, and, when the land was sold, Long would be at once entitled to all its proceeds, which were not suffieient to pay him; but, in any view, how is Perine prejudiced by this action of the court? I have found no error in the decree, and it must be affirmed.

*Affirmed.*