# CHARLESTON

MYERS *v*. TAYLOR.

Submitted September 11, 1908.    Decided March 10, 1908.

1. EVIDENCE—*Parol Evidence— Contradicting Writing.*
        T. made his negotiable note to M. for $3,000.00, dated September 21, 1904, payable twelve months after date, and afterwards, on December 9, 1904, delivered to M. his writing under seal designated "This Deed of Conditional Assignment," bearing even date with said note, reciting the borrowing of said sum of money and the making of the note and that the said T, "is desirous of securing and indemnifying the said grantee in the payment of said amount of $3,000.00," and then proceeding to assign to said M, certain royalties on coal leases to be collected by M. and applied to the payment of said note:    *Held:* in an action of debt upon said note the defendant will not be permitted to prove by oral testimony that the deed of assignment was delivered to and accepted by the grantee, M., for a purpose contradictory of the terms and provisions expressed therein.    (p. 61.)

Error to Circuit Court, Mingo County.

Action by H. M. Myers against R. N. Taylor. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

Douglass W. Brown, for plaintiff in error.

Stokes & Bronson, for defendant in error.

McWhorter, Judge:

This was an action of debt brought by H. M. Myers against R. N. Taylor in the circuit court of Mingo county on a negotiable note dated September 21, 1904, payable twelve months after date to the order of said Myers with interest from date at the First National Bank of Williamson, West Virginia. Plaintiff filed the statutory affidavit with his declaration. The defendant filed his counter-affidavit, when the office judgment was set aside and the defendant filed his written plea of *nil debet* and issue was joined thereon. Defendant further asked leave to file a special plea in writing to the filing of which plaintiff, by counsel, objected, which objection was sustained by the court and the defendant excepted to the ruling of the court. A jury was empanneled and after hearing the evidence returned a verdict in favor of the plaintiff for $2,982.80. The defendant moved the court to set aside the verdict of the jury and grant him a new trial. The court ascertained that the verdict returned was for an amount in the sum of $14.89 in excess of the balance due the plaintiff after deducting the payments proved and the plaintiff appeared and agreed to and did release said excess leaving the verdict standing for the amount of $2,967.91, and thereupon the court overruled the motion to set aside the verdict to which ruling of the court the defendant excepted. The defendant then moved the court in arrest of judgment, which motion was overruled and the defendant excepted. The court then entered judgment for the said sum of $2,967.91, the amount found due by the verdict after deducting said excess.

The defendant in the course of the trial took eight several bills of exceptions marked for identification Nos. 1 to 8 inclusive respectively. Bill of exceptions No. 1 goes to the ruling of the court in refusing to allow the spe-

cial plea of the defendant, which plea embodied a deed of conditional assignment, dated September 21, 1904, of certain royalties arising under certain coal leases therein described, to become due from the Chattaroy Colliery Company.

It is averred in the said special plea that the plaintiff for and in consideration of the delivery to him of the said deed of assignment on the 9th day of December, 1904, covenanted and agreed to and with the defendant that he would collect the sum of money evidenced by the writing obligatory in the declaration mentioned (meaning the note sued upon) solely in the manner in said deed set forth and that for and in consideration of the delivery to him of said deed plaintiff further agreed to and with the defendant that the writing obligatory should become due and payable solely in the manner stated in the said deed and for and in consideration of the said deed would release unto defendant said writing obligatory insofar as the same differed from the time and manner of payment in said deed set forth of the sums of money evidenced by the writing obligatory, and that the plaintiff had collected from the said Chattaroy Colliery Company a portion of the said money evidenced by the writing obligatory in the manner and at the times in the said deed specified; that the said Chattaroy Colliery Company was still liable for the amount of money in said deed specified at the times and in the amounts therein set forth, that no default had occurred in the payment of the installments thereof by the said Chattaroy Colliery Company whenever demand was made by the plaintiff under the terms of said deed. The defendant further says that acting under the agreement said plaintiff had notified the said Chattaroy Colliery Company not to pay unto the defendant any of the amounts of money conveyed to the plaintiff in consideration of the said agreement; and further, that under the terms of said agreement made to and with said plaintiff by the defendant, to-wit, on the 9th day of December, 1904, no part of the amount of money in the declaration in this action mentioned was due unto the plaintiff from the defendant, and this the defendant was ready to verify.

The said deed of conditional assignment set out in said plea recites the fact, "That, whereas, the said grantor has this day borrowed from the grantee herein the sum of $3,000.00,

and has executed to him as an evidence of the said indebtedness a certain note for the said amount bearing even date herewith; and whereas, the said R. N. Taylor is desirous of securing and indemnifying the said grantee in the payment of the said amount of $3,000.00." The instrument proceeds to grant, convey, make over and assign to said plaintiff the one-fifth of the royalties and payments reserved unto Taylor by a certain deed of contract and lease described in the paper. But there is no provision contained in the said conditional deed of assignment for an extension of time for the payment of the said $3,000.00 note, it only provides that such sums as may be paid to the plaintiff on account of such royalties shall be applied to the extinguishment of said loan of $3,000.00; and that when said royalties and payments from the said Chattaroy Colliery Company to the plaintiff should aggregate a sum sufficient to pay off and discharge the said sum of $3,000.00, then plaintiff should deliver the note to the defendant and a proper deed of release, releasing the provisions of said instrument. "It being the intention of this instrument to give the said H. M. Myers the right to collect and apply to the extinguishment and discharge of the indebtedness aforesaid 1-5 of all the royalties accruing to the said R. N. Taylor by virtue of the leases aforesaid, and that when such amount is paid by the said payments from the Chattaroy Colliery Company, the said indebtedness is to be discharged and the said note re-delivered unto the said R. N. Taylor.

"It is further provided that the said R. N. Taylor shall have the right and privilege at any time to discharge the said indebtedness, and that thereupon the said H. M. Myers shall execute to him the proper deed of release, releasing the provisions of this instrument."

While the said deed of assignment bears even date with the note of $3,000.00, it was delivered to the plaintiff on the 9th day of December, 1904, for the purpose of securing and indemnifying the plaintiff, and was a mere collateral, any payments from royalties thereunder to be applied as payments on said note of $3,000.00 and the paper itself nowhere purports to extend the time of the payment of the said $3,-000.00, or in any manner to change the terms of payment thereof by extending the time thereof or otherwise.

The conditional deed of assignment sought to be used in defense of this suit in no way purports to be in lieu of the note sued upon or a new writing to take the place of the old, but is merely a security and indemnity as shown by the paper itself. The plaintiff in error relies upon the case of *Sayre* v. *King*, 17 W. Va. 562. In that case Burdette as deputy for King, sheriff of Jackson county, made his note and gave a deed of trust on his farm to secure the same and delivered the said note and deed of trust to King. Sayre, one of Burdette's sureties on his bond, filed his bill in chancery and set up among other things that at the time Burdette gave King the note and deed of trust, it was verbally agreed that he, as surety on Burdette's bond, as well as Burdette himself, was to be released and that the note and deed of trust were accepted by King as full payment. The deed of trust contained no such provision, and the question arose as to whether the transaction by Burdette released Sayre as his surety on his bond. If the note and deed of trust were accepted as payment to King for Burdette's default, then the sureties of Burdette were released from his bond. It is said in the opinion of the Court at page 572, that if King did, by agreement with Burdette, suspend his right of action against him and his sureties on his bond as his deputy sheriff, without the consent of his sureties, he thereby discharged his sureties from all liability on the bond. Citing *Shields and Mahon* v. *Reynolds*, 9 W. Va. 485; *Norris* v. *Crummey*, 4 Rand. 333; *Nesbit* v. *Smith*, 2 Bro. C. C. 579; *Reese* v. *Berrington*, 2 Ves. Jr. 540. The opinion goes on to say, "And the court of equity is the only court, in which this defense, in such a case as is presented by this record, could be made. The appellants could not have pleaded in the common law suit, which was brought on this bond of Burdette and his sureties, that they as sureties were discharged by King, the plaintiff having made a parol agreement with their principal, Burdette, whereby he suspended his right of action on this bond for a time."

In *Troll* v. *Carter*, 15 W. Va. 567, it is held: "Parol evidence cannot be admitted to vary or add to a deed as a general rule." And in *Hurst* v. *Hurst*, 7 W. Va. 289, (Syl. pt. 4), it is held: "That parol evidence as to the acts or declarations of the parties, at the time of the execution of

the deed, or afterwards, is inadmissible and incompetent in such case, as evidence to enlarge, restrict, explain or alter the intention of the parties, as expressed in the deed, or to vary the legal effect thereof, as clearly manifested by the deed itself." In *Lockwood* v. *Holliday*, 16 W. Va. 651, it is held: "Parol evidence, in the absence of fraud or mistake, will not be received to engraft upon or incorporate with a valid written contract an incident occurring contemporaneously therewith and inconsistent with its terms." See also *Long* v *Perine*, 41 W. Va. 315, where it is held: "Where there is no ambiguity in a written contract oral evidence is not admissible to explain it as it speaks for itself." *Howell* v. *Beahler*, *Id*. 610; *Buena Vista Co.* v. *Billmyer*, 48 W. Va. 382; *Martin* v. *Railroad Co. Id.* 542; *Insurance Co.* v. *Board of Education*, 49 W. Va. 360; *Richardson* v. *Mc-Conaughey*, 55 *Id.* 546; 1 Dan. on Neg. Instruments, section 80; 4 A. & E. E. L. 146, and authorities there cited. The special plea was properly rejected.

Bills of exceptions Nos. 2, 3, 4 and 7 go to the refusal of the court to permit the defendant to prove by oral testimony the purpose of the delivery of the said deed of conditional assignment contradictory of the terms of the said deed itself, which rulings were correct.

Bill of exceptions No. 5 is to the refusal of the court to permit the defendant to put in evidence and read to the jury said deed of conditional assignment. The introduction of this paper would be misleading and confusing to the jury as it shows that it was executed and delivered as security and indemnity for the note sued upon. How could it enlighten the jury? It was not given in payment, and says in plain terms that it was executed for security and indemnity. It could not be used in defense unless it had been delivered to and accepted by plaintiff as conditional or absolute payment, and this fact should be contained in and appear from the instrument itself.

Bill of exceptions No. 6 goes to the refusal of the court to let witness C. E. Tabor, Superintendent of the Chattaroy Colliery Company, answer the question propounded by the defendant, "What amount is your company now holding subject to the order of H. M. Myers under the terms of that instrument?" This was no evidence of payment on account

of the debt sued upon. Under the terms of the instrument royalties were only applicable on the debt when collected, and royalties not yet paid over to the holder of the collateral on that account could not be claimed by the defendant to be payments on the debt.

The eighth bill of exceptions certifies the evidence. We see no error in the court's refusal to set aside the verdict and in entering judgment thereupon and the judgment is affirmed.

*Affirmed.*