# ˙ CHARLESTON.

ASHBELL HUGHES v. J. O. MCDERMITT and F. E. BLETNER.

Submitted March 23, 1920.    Decided March 30, 1920.

JUDGMENT—*Collection of Insolvent Judgment Against His Surety Will be Enjoined Until Surety's Liability is Ascertained; Assignee Has no Greater Right Than Assignor.*

Where a judgment debtor of an insolvent person is surety for such insolvent person, and the amount of his liability as such surety has not yet been determined, a court of equity will enjoin the collection of the judgment against him in favor of such insolvent party until such amount has been ascertained, and if paid by him applied as an offset against the judgment, or until he has been indemnified against loss because of his suretyship, and the fact that such insolvent party may have assigned such judgment to another will make no difference. The assignee will occupy no higher ground than his insolvent assignor.

Appeal from Circuit Court, Mason County.

Action by Ashbell Hughes against J. O. McDermitt and F. E. Bletner.   Decree for defendants, and plaintiff appeals.

*Reversed and remanded.*

*B. H. Blagg* and *Somerville & Sommerville,* for appellant. ˙
*Rankin Wiley;* for appellees.

RITZ, JUDGE:

The defendant J. O. McDermitt was sheriff of Mason county for the four years ending on the 31st of December, 1908, and the plaintiff Ashbell Hughes was one of the sureties on his official bond as such sheriff, as well as one of the his deputies, during his term of office. After the close of McDermitt's term of office he was indebted to the county in considerable sums of money, and, not paying the same upon demand, suit was brought against him and his sureties, and a judgment recovered against them for more than nineteen thousand dollars.    It seems that the plaintiff Hughes was indebted to McDermitt because of funds placed in his hands as deputy sheriff which had not been accounted for, and in a suit by McDermitt against Hughes and the sureties on his bond as deputy sheriff a judgment was rendered for the sum

of nine hundred dollars and costs. Upon this judgment Hughes paid three hundred dollars, and he says he also paid the costs, but it is not clear from the record just what is the fact in regard to this, leaving unpaid the sum of six hundred dollars without dispute. Upon the judgment obtained by the county court against McDermitt and his sureties collections were made from McDermitt by the sale of his property and the balance, amounting to something like twelve thousand dollars, was paid by his sureties. Prior to the institution of this suit the plaintiff Hughes had paid four hundred dollars of this balance due by McDermitt to the county court. At this stage an execution was sued out upon the judgment in favor of McDermitt against Hughes and his sureties claiming a balance of six hundred dollars and costs, and placed in the hands of the sheriff of Mason county for collection. Hughes thereupon filed this bill seeking to enjoin the collection of that judgment, and to have set off against it the four hundred dollars which he had paid for McDermitt on McDermitt's debt to the county court, and to have the collection of any residue restrained until it was ascertained whether or not he would have any further liability on account of said judgment of the county court against McDermitt and his sureties, or until McDermitt indemnified him because of such liability, further alleging that McDermitt was insolvent, and if this six hundred dollars was collected from him on the execution he would never be able to collect the four hundred dollars which McDermitt already owed him on account of the payment made on the judgment of the county court, as well as any further sums which he might have to pay in the final adjustment of that judgment. McDermitt answered this bill admitting all of the facts therein alleged except that he denied that he was insolvent, but he averred in effect that all of his property has been exhausted, and that his sureties would have to pay something like twelve thousand dollars to discharge the judgment in favor of the county court against him, which was in effect admitting his insolvency, notwithstanding his denial thereof; and further alleging in his answer that he had assigned this judgment against Hughes to his sureties in his official bond, to be applied to the payment of the indebtedness of the county court against him when the same was collected. Subsequently Hughes

filed an amended and supplemental bill alleging that since the filing of his original bill a suit had been brought by some of the sureties on McDermitt's official bond against others of such sureties for contribution, and that in such suit a settlement was had and the status of each of said sureties ascertained, and that it was therein determined that in order to relieve him of his obligation upon the bond and to other sureties who had paid more than their share of the judgment, he would have to pay in addition to the four hundred dollars which he had paid the sum of two hundred and seventy-five dollars, and that upon this being ascertained he had paid the said sum of $275.00, making $675.00 in all which he had paid out upon the judgment in favor of the county court against McDermitt and the sureties on his bond, and this amount being in excess of the balance remaining unpaid on the judgment in favor of McDermitt against him, he prayed that the said McDermitt be forever enjoined from collecting that judgment, and that so much of the amount which he had paid for McDermitt as would be necessary to that end be applied to discharge the said judgment, and a decree rendered in his favor against McDermitt for any amount remaining after so offsetting the judgment against him in favor of McDermitt. A temporary injunction was granted by the circuit court upon the filing of the original bill, but upon a hearing of the cause this injunction was dissolved and the bill dismissed, and from this decree Hughes prosecutes this appeal.

It seems to be very well established that where one is indebted to an insolvent person, and is also liable for a debt of such insolvent person as surety or otherwise, he may in equity enjoin the collection of such indebtedness to such insolvent person until he is indemnified against liability as such surety, and in case his liability as surety has been ascertained and he has discharged the same, as is the case here, he is entitled in equity to have set off against his indebtedness to such insolvent person whatever amount he has been compelled to pay as such surety. *Mattingly* v. *Sutton,* 19 W. Va. 19; *Bowling* v. *Bluefield-Graham Fair Association,* 84 W. Va. 41, 99 S. E. 184; *Williams* v. *Helme,* 1 Devereux's Equity, 151, 18 Am. Dec. 580; *Tillis* v. *Folmar,* 117 Am. St. Rep. 31 and monographic note at page 38; *Scott* v. *Armstrong,* 146 U. S. 499; Brant on Suretyship & Guaranty, § 249;

21 R. C. L., title "Principal and Surety" § 151. An assignee will stand on no higher ground than his insolvent assignor. In this case all of the elements exist to make applicable the authorities, above cited. While it is denied by McDermitt that he is insolvent, the allegations of his answer show this to be the case, and it is abundantly corroborated by the proof taken. That Hughes has paid $675.00 upon McDermitt's debt to the county court is admitted, and no reason is perceived why he is not entitled in equity to have that amount set off against the judgment in favor of McDermitt against himself. It does not clearly appear from the record in this case just when the payment of four hundred dollars was made by Hughes on the judgment against McDermitt. The judgment against Hughes in favor of McDermitt bears interest from its date and, of course, if the payments made by Hughes were sometime subsequent to the date of the judgment in favor of McDermitt against him he would only be entitled to apply them to that judgment as of the date he actually made them, and because the dates of these payments do not appear we are unable to say whether or not, applying the payments made by Hughes on the judgment of the county court against McDermitt as offsets on this judgment of McDermitt against Hughes, as of the date they were made, it would be fully discharged or not.

Our conclusion, therefore, is to reverse the decree of the circuit court of Mason county and remand the cause in order that the equities may be properly adjusted between the parties, and should it turn out that the amount paid by Hughes on the judgment of the county court against McDermitt is sufficient to offset the balance remaining unpaid on the judgment of McDermitt against him, applying the payments as of the date they were made, the injunction should be perpetuated as to the whole of said judgment. If, on the other hand, these payments so applied do not fully discharge the judgment in favor of McDermitt against Hughes, it will be offset to the extent that such payments were made, and McDermitt allowed to enforce the execution for any balance; or if the payments made by Hughes, applied as aforesaid, more than pay off the balance remaining unpaid on the judgment in favor of McDermitt against him, he will be entitled to have the collection of the judgment enjoined *in toto*

and to have a decree in his favor for the excess. The costs in this court will be awarded to the plaintiff against the defendant J. O. McDermitt.

*Reversed and remanded.*