H. ROY WAUGH *et al. v.* SMITH HOOD, *Receiver.*

(CC 587)

Submitted May 25, 1938.   Decided June 21, 1938.

*H. Roy Waugh,* for plaintiffs.

*J. M. N. Downes,* for defendant.

MAXWELL, PRESIDENT:

On this certificate there is involved the sufficiency of a bill in chancery, whereunto the trial chancellor sustained a demurrer and certified his action to this court for review.

The plaintiffs H. Roy Waugh and G. O. Young, allege in their bill' that in December, 1928, they jointly executed to the Peoples Bank of West Virginia, a banking institution of the City of Buckhannon, their note for $2,-

200.00; that thereafter the note was reduced by payments credited thereon; that in the early part of 1929 the bank was closed for liquidation and Smith Hood, defendant herein, was appointed receiver of the bank; that late in 1936, the receiver instituted against the plaintiffs a notice of motion proceeding in the circuit court of Upshur County for the purpose of obtaining judgment against the plaintiffs (they being defendants in the notice of motion proceeding) for the unpaid balance of the note. Further, that in 1925, the bank executed a $10,000.00 bond to the City of Buckhannon, for the protection of the deposit which it carried in the bank; that the plaintiffs were two of the nine sureties on the bond; that after the bank went into liquidation, the city sued on the bond and recovered judgment in January, 1931, for $8,157.12; that since the rendition of the judgment various payments have been made thereon by several of the sureties, including both of the plaintiffs, but that some of the sureties are insolvent and have paid nothing on their liability under the judgment. On this background of facts, the plaintiffs pray that further prosecution of the proceeding on motion for judgment be stayed until there may be ascertainment of the respective liabilities of the plaintiffs under the judgment obtained against them and others by the City of Buckhannon on the depository bond, and that when the liabilities of the plaintiffs under that judgment shall have been determined, the amounts thereof may be set off against the unpaid balance of the note on which the receiver of the bank has sued them, and that they may have judgment against the receiver for the excess, if any.

We understand the law to be settled that the surety of an insolvent principal may retain the amount of his own indebtedness to the principal by way of indemnity against the suretyship liability, and that equity will afford protection and relief to the surety. *Mattingly* v. *Sutton*, 19 W. Va. 19; *Johnson* v. *Johnson*, 83 W. Va. 593, 98 S. E. 812; *Hughes* v. *McDermitt*, 86 W. Va. 86, 102 S. E. 767.

True, as urged by defendant, the law does not permit the set-off of a joint liability against an individual one. But such is not the situation here. The liability of the plaintiffs on the note they executed to the bank is joint and several. Whatever may be their relationship to each other as to the note, they both stand as principal obligors thereon in their relation to the bank and its receiver, and each is liable for the full amount. In a controversy where there is a separate demand on one side and on the other a joint demand, there may not be set off; but if one of the demands is separate and the opposing one is joint and several, set off is proper. *Elliott* v. *Bell,* 37 W. Va. 834, 17 S. E. 399. At bar, the separate liabilities of the bank to Waugh and Young under the City of Buckhannon bond may, under the rule stated, be set off against their joint and several liability on their note held by the bank's receiver. A creditor of an insolvent bank may make set-off of an individual claim against an obligation whereon he is jointly and severally liable. *Benedum* v. *Bank,* 72 W. Va. 124, 78 S. E. 656; 57 Corpus Juris, p. 462.

We are therefore of opinion that the plaintiffs in their bill have made a *prima facie* case and that the demurrer thereto was not well founded. The chancellor's decree is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

On Petition for Rehearing:

In support of petition for rehearing, it is urged that the decision ignores the statutory provision that "No banking institution shall pledge, hypothecate or deliver any of its assets of any description whatsoever to any person to indemnify him as surety for such banking institution, or as surety for any other person." Code, 31-4-9. This provision came into the statute in 1929. Acts 1929, Chapter 23, Section 5. Inasmuch as the liabilities on both the bond and the note, mentioned in the opinion,

arose prior to the enactment of the stated statutory provision, it seems unnecessary in this case to enter upon discussion of the proper interpretation of the statute.