### NORTON *versus* WEBB.

Where one person engages to support another without a designation of any
place, where such support should be furnished, the election of the *place* is
with the person to be supported.

But after this election is once made, he cannot revoke or change it.

ON EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.
WRIT OF ENTRY.

The demandant conveyed a farm, lot No. 45, to the tenant,
who at the same time re-conveyed it in mortgage. Upon this
mortgage the action is brought. The condition of the mort-
gage was, "that if the said Farwell Webb, his heirs, execu-
tors or administrators, shall support me and Betsey Norton,
my wife, in our house on said lot, No. 45, if we choose, by
furnishing us with food and clothing, medicine and medical
aid in sufficient quantity and quality, according to our circum-
stances, and as our necessities may require, and that during
our natural life, both in sickness and health, as we may need
for our comfort — also provide and constantly keep for our use
and benefit, a good and gentle horse, and convenient carriage,
or otherwise provide them, whenever we, or either of us, as
the case may be, shall wish to ride, either in visiting or for
recreation, then this deed shall be void, otherwise remain in
full force."

It appeared in evidence, that demandant and wife lived in
the family of tenant, on the farm described in said deed, for
two years after it was given, when they left it, and had re-
ceived no support since.

The tenant contended that he had the right, under the
terms and conditions of the deed, to furnish the support con-
templated, at the house on said farm; and if he furnished

support at that place, it was not optional with demandant to have his support there, or elsewhere, as he chose.

But the presiding Judge instructed the jury that it was originally optional with the demandant to have his support in said house on the farm, or elsewhere, as he might choose. That if the demandant had elected to have his support in said house, he would be bound to receive it there and could not afterwards revoke or alter it; but if the plaintiff had not so elected, the defendant would be bound to support the plaintiff and his wife elsewhere; and that the burden of proof was on the defendant to show that the plaintiff had elected to take his support in said house, and that the acts of the plaintiff in going to live on the farm, in the house with the defendant, were legitimate evidence, tending to prove such election.

A verdict was returned for the demandant.

*Morrell,* for tenant.

It is obvious, that a right, or power of choice, is given to the mortgagee, by the terms of the conditions, in regard to the place of his support, and it is equally obvious, that that right is not an *unlimited* one, and gives the mortgagee no right, except the right to " choose" to have his support at a *particular* place.

It does not confer the right to choose to have his support at " *any place* he might designate, but a right to have that support in our house, on said lot No. 45, if he choose."

The contract on the part of the mortgager, binds him to the *unconditional* support of the mortgagee, and the agreement of mortgagee is equally unconditional to receive such support, as specified.

There is no *option* with the mortgagee, as to *manner* or *quality* of that support; he cannot elect to have *more* or *different*, than is provided by contract.

He has the right to require that he should be supported in our house, on lot 45, and there all option ends.

And the reason of this provision is obvious.

The arrangement is one by which mortgagee had deeded to defendant his farm, to provide for his support, and his pur-

pose was to secure the right to have that support on the homestead, and that if he chose to live there, it should not be in the power of the mortgagee to say he should live *elsewhere.* He did not intend, or desire to secure ·the right to live elsewhere.

*Vose,* for demandant.

SHEPLEY, C. J. — The Court decided on a former occasion, that the mortgager might retain possession until there had been a breach of the condition, if the mortgagee had elected to receive support in the house upon the farm. 35 Maine, 218. During the last trial a question was presented, whether the mortgager had the right to elect, where he would furnish support to the mortgagee and his wife, if they had not elected to receive it upon the farm. The jury were instructed, that he had not that right. That he would be bound to furnish it elsewhere at their request.

When one person engages to furnish support for another without a designation of any place where it should be furnished, many reasons might be offered in favor of a construction, authorizing the support to be furnished where the person providing it should elect, it being a suitable place. But a different construction has prevailed, requiring the support to be furnished, where the person to be supported should elect to receive it without occasioning unnecessary expense. *Wilder* v. *Whittemore,* 15 Mass. 262 ; *Fiske* v. *Fiske,* 20 Pick. 499 ; *Flanders* v. *Lamphear,* 9 N. H. 201 ; *Holmes* v. *Fisher,* 13 N. H. 9.

The instructions given appear to have been in conformity to this construction of the contract.

*Exceptions overruled.*

TENNEY, APPLETON and CUTTING, J. J., concurred.