# CHARLESTON.

## HURST v. M. V. B. HURST.

### February 27, 1874.

S. H. (and wife), the rightful owner, in fee simple, of a tract of land, and the father of of M. V. B. H., conveyed to M. V. B. H. by deed dated the 9th day of December, 1863, said tract of land, situated in Harrison county, this State. In the early part of the deed the consideration of the deed is stated to be one dollar. The land is described in the deed by metes and bounds, and as containing one hundred and ninety acres, "to have and to hold the above described tract of land, with its appurtenances, to the said M. V. B. H., and his heirs and assigns forever. And S. H., and wife, covenant to and with, the said M. V. B. H., his heirs and assigns, to warrant and defend, generally, the above described tract, or parcel, of land, to the said M. V. B. H., his heirs," &c. In the deed immediately after the last recited clause, are the following clauses, the one immediately following the other, viz: "(It is fairly understood that the above described tract or parcel of land is to be the said M. V. B. H.'s share of father S. H.'s estate.) And it is further understood that I, S. H., hold a life interest in the above described tract of land."—HELD:

1. That in ejectment the deed should be so construed as to arrive at the true intent of the grantor and grantee, and that in so doing the whole of the deed, and all its parts, should be considered together.

2. That, adopting the above rule, the plain legal effect of the deed, from its face was, and is, to convey to M. V. B. H. an estate in fee simple in the land to commence upon the death of S. H., and that .S H. reserved to himself an estate for, and during, his life in the land.

3. That it was right and proper, in such case, for the court below to construe the deed according to its legal effect, from its face, and to instruct the jury as to what was its effect in law.

37

4. That parol evidence as to the acts or declarations of the parties, at the time of the execution of the deed, or afterwards, is inadmissible and incompetent in such case, as evidence to enlarge, restrict, explain or alter the intention of the parties, as expressed in the deed, or to vary the legal effect thereof, as clearly manifested by the deed itself.

5. That the deed is not so ambiguous as to admit of the introduction of such parol evidence for the purpose of determining the true intent and meaning of the parties, by the language employed in the deed; or to show that it was the purpose and intent of the parties at the execution of the deed, that the deed should pass to M. V. B. H. an estate in fee simple, to take effect at the execution and delivery thereof, and not an estate in fee simple, to take effect at the death of S. H.

This was an appeal by Martin Van Buren Hurst, from a judgment on the verdict of the circuit court of Harrison county, rendered on the 30th day of May, 1870, in an action of ejectment then pending in said court, between Shadrach Hurst, plaintiff, and said Martin Van Buren Hurst, defendant.

The case was brought here for the construction, by this Court, of two clauses in the deed from the appellee to the appellant. The questions were raised in the court below by several instructions, asked for by the plaintiff and defendant, respectively. So much of the deed and instructions aforesaid, as is material to be set forth here, will be found in the opinion of the Court.

The Hon. Thayer Melvin, judge of the first judicial circuit, presided at the trial below.

*George H. Lee* and *Caleb Boggess*, for the appellant.

*C. C. Cole*, for the appellee.

HAYMOND, PRESIDENT:

This was an action in ejectment, brought in the county of Harrison. There was an office judgment had against the defendant at rules on the first Monday in May, 1869. Afterwards, at a circuit court held for said county, on the 27th day of May, 1869, the cause came regularly on the docket, and the plaintiff and defendant appeared in

court, by their attorneys, and on motion of the defendant the office judgment, had in the cause, at rules, was set aside, and the defendant, for plea, pleaded that he was not guilty in manner and form as the plaintiff in his declaration has complained; and of this he put himself upon the country, and the plaintiff did likewise. The cause was regularly continued until a circuit court held for said county, on the 28th day of May, 1870, at which the parties both appeared in court, by their attorneys, and there was a trial by jury regularly had, and the jury, by their verdict, found for the plaintiff, the land in the declaration mentioned and described, and that the plaintiff hath an estate therein for and during, his natural life, and assessed the plaintiff's damages at one cent. Upon this verdict the circuit court, during the same term, rendered judgment in favor of the plaintiff, and against the defendant, for an estate, during his life, in the land in the declaration mentioned, describing the metes and bounds of the land, as they are described in the declaration, and for the damage, and also plaintiff's costs of suit. During the trial of the cause the defendant took two bills of exception to the rulings of the court, which bills are numbered numbers *one* and *two*. By bill of exception number *one*, it appears that on the trial of the cause, after the plaintiff had given in evidence to the jury a deed in these words, viz:

"This deed made this 9th day of December, 1863, between Shadrach Hurst and Catharine, his wife, of the county of Harrison and State of West Virginia, of the one part, and Martin Van Buren Hurst, of the same county and State of the other part, witnesseth :

"That the said Shadrach Hurst and Catharine his wife, for and in consideration of the sum of one dollar, have granted, bargained and sold unto the said Martin V. B. Hurst, his heirs and assigns forever, a certain piece or parcel of land, lying in said county of Harrison on Owen Davis' Fork of Limestone creek, and bounded," &c. (the boundaries the same as contained in the declar-

ation) "to have and to hold the above described tract or parcel of land, with its appurtenances, to the said Martin V. B. Hurst, and his heirs and assigns forever. And the said Shadrach Hurst, and Catharine, his wife, covenants to and with the said Martin V. B. Hurst, his heirs and assigns, to warrant and defend, generally, the above described tract or parcel of land to the said Martin V. B. Hurst, his heirs, &c., against all persons or claims, whatever. (*It is fairly understood that the above described tract or parcel of land is to be said Martin V. B. Hurst's share of his father Shadrach Hurst's estate.*) *And it is further understood that I, Shadrach Hurst, hold a life interest in the above described tract of land.* As witness the following signatures and seals, this 9th day of December, 1863."

This deed was signed, sealed and acknowledged by Shadrach Hurst and wife on the day of its date, and duly admitted to record in the Recorder's office of said county, on the 30th day of January, 1864. And also, after the plaintiff had given to the jury evidence tending to prove, that after the date of the said deed, the plaintiff continued in the possession of the land therein mentioned, claiming the same as his property, until the first day of January, 1867, and with the consent and approval of the defendant occupied the land and claimed the same as his own, during his life, and still claims the same. And after the defendant had admitted in court that he did not claim the land as tenant of the plaintiff, but that he claimed the same adverse to him, and in fee simple, the said defendant gave evidence to the jury tending to prove the following facts, viz : That at the time of the execution of the said deed, the plaintiff delivered the possession of the land therein mentioned to the defendant, who then took possession thereof and continued to hold the same ever since, claiming the title thereto ; that afterwards, on the 1st day of January, 1864, the plaintiff sold and delivered to the defendant all his personal property, including his stock on said land, which was a part of his

home farm, at a price to be paid to his heirs as he should provide by will; that from the date of the deed the defendant occupied, cultivated and improved the premises, and has continued to do so ever since; that in part consideration of the conveyance of the land by the plaintiff to the defendant at the date of the deed aforesaid, it was agreed by the parties that the defendant should maintain and support the plaintiff and his wife during their lives; that the defendant did support them afterwards until the first of January, 1867; that up to this time they lived together on the premises, and that the plaintiff then left defendant, and took up his abode elsewhere; that about the time of executing the deed, and afterwards the plaintiff repeatedly disclaimed any ownership of said land, or any property whatever, and claimed to be only entitled to maintenance and support out of said land; that in the year 1864, the plaintiff directed the personal property, and said land to be charged on the commissioner's books of the revenue, for taxation, to the defendant: that said property was so charged from 1865 to 1869, both inclusive and taxes thereon paid by the defendant; that in the winter of 1864 and 1865, the plaintiff, when applied to for a lease of part of said premises, disclaimed any right to lease the same, and turned the applicant over to the defendant as the proper person to make said lease, stating that he had the legal title thereto. All this evidence, except the deed and assessment and payment of taxes, was parol. In this state of the case, the plaintiff, by his attorney, asked the court to instruct the jury as follows: "*First.* The deed from Shadrach Hurst to Martin Van Buren Hurst, dated December 9, 1863, and given in evidence to the jury, creates and reserves to the said Shadrach Hurst an estate for life in the land in the said deed described, and in controversy in this suit, and if Shadrach Hurst was at the time of the making of said deed in possession of said land, he was not divested of the possession thereof by the execution of said deed. *Second.* If the jury believe from the evidence that at the

time of the institution of this suit the defendant was in possession of the land in controversy, they must find for the plaintiff, unless they further believe from the evidence that since the 9th day of December, 1863, the date of the deed from plaintiff to defendant, the plaintiff, by deed or writing, under seal, conveyed to the defendant the life estate reserved therein to himself."

To which instructions, and each of them the defendant objected, and moved the court to instruct the jury as follows :

"*First*. If the jury believe from the evidence that in the execution of the deed from the plaintiff to the defendant of the 9th of December, 1863, it was the intention and purpose of the grantor to pass the legal title, presently, to the grantee, they will give such effect to the deed in determining the issue before them.

"*Second*. It is proper for the jury to consider the acts and declarations of the plaintiff and defendant in relation to the ownership and control of said land since the 9th day of December, 1863, and prior to the institution of this suit, to determine whether the right of possession thereof was conferred upon the defendant by the deed of the former date.

"*Third*. If the jury shall believe from the evidence that the land in controversy is the same land embraced in the deed from the plaintiff, dated the 9th day December, 1863, and offered in evidence by the plaintiff, that they are to consider the said deed as passing, *in presenti*, the absolute fee simple title to the land."

To giving the instructions so asked by the defendant the plaintiff objected. The court overruled the defendant's objections to the instructions asked by plaintiff, and gave them to the jury as asked, and sustained the objections of the plaintiff to the instructions asked by the defendant. By bill of exceptions number two of defendant, it appears that upon the trial of the cause it was admitted by the parties, that the plaintiff, on the 9th day of December, 1863, was in possession of and the

owner in fee simple, of the land in the declaration men-

tioned; and that on the day and year last aforesaid, the
plaintiff executed and delivered to the defendant the
deed of that date set forth in the defendant's *first* bill of
exceptions in this cause; and that at the time of the
commencement of this suit the defendant was in the pos-
session of the land mentioned in said deed, which is the
same land described in the declaration in this cause, claim-
ing the same, not as a tenant of the plaintiff, but in fee
simple and adverse to the plaintiff; that in addition to
the facts above stated, the defendant and the plaintiff
gave evidence to the jury tending to prove the facts set
forth in the defendant's first bill of exceptions, which
is herein referred to and made part of this bill, which
facts are substantially all that were admitted, or that
said evidence tended to prove. And the defendant moved
the court to instruct the jury as follows:

"*First.* If the jury shall believe, from the evidence
that the land in controversy is the same land embraced
in the deed from the plaintiff, dated the 9th day of De-
cember, 1863, and given in evidence to the jury by the
plaintiff; and if they further believe from the evidence
that the plaintiff, at the time of the institution of this
suit had no other right to recover the possession of said
premises against the defendant than his previous owner-
ship and rightful possession of the premises together
with any interest thereto retained, or reserved, in said
deed, then they must find for the defendant.

"*Second.* And if the jury shall further believe from
the evidence the plaintiff put the defendant in possession
and has no other right to recover the possession of said
premises than his previous rightful ownership and occu-
pancy thereof, and the reservation therein contained in
the conclusion of said deed, that they must find a verdict
for the defendant."

To the giving of which instructions by the court, the
plaintiff objected, and the court refused to give the in-
structions, and the defendant excepted. The questions

now to be determined are whether the court erred in giving the two instructions asked by the plaintiff, and whether the court erred in refusing to give the several instructions asked by the defendant. The first instruction asked by plaintiff, and given by the court simply embodies the opinion of the court, as to the proper construction and the legal effect, of the deed from plaintiff to defendant. If the opinion of the court of the legal effect of the deed is correct, then the instruction given was proper in the form it was given. And if the first instruction asked by plaintiff, and given by the court, is correct, then there can be no doubt as to the second instruction asked by plaintiff, and given by the court, being also correct, and proper. If the two instructions given by the court, at the instance of plaintiff, are correct, then each and all the instructions asked by the defendant, to be given, and which were refused, were incorrect, and were properly refused. By the Code of Virginia of 1860, chapter one hundred and sixteen, section five, which was in force in this State in 1863, any estate may be made to commence *in futuro*, by deed, in like manner as by will. And any estate which would be good as an executory devise or bequest, shall be good if created by deed. An estate for the tenant's own life is, in the estimation of the law, a better one and of a higher nature to him, than one for the life or lives, of another or others. And it has been held that in construing grants when the language is equivocal, that construction is given which is most favorable to the grantee ; where a grant is made to one with no other words of limitation, he will be entitled to an estate during his own life, if the estate of the grantor will allow him to convey such an estate. See 1st Wash. on Prop., 3rd ed. chapter five, section five, and authorities there cited, under the head of "Estates for Life." So, I apprehend, when the owner of land, in fee simple, conveys the land in fee simple reserving therein a "life estate" it should be construed as meaning an estate for the life of the grantor is reserved.

*Webster v. Webster,* 33 New Hamp. 22. If any thing
is to be reserved out of the property granted, it is usually
done by the clause of *redendum,* as it is called, which
commonly follows that of the *habendum.* See third vol. of
Wash. Prop., 3d ed., side page 645. The word "inter-
est," often, is used to express or represent "estate." As
for instance an "interest" in a tract of land is often used
as meaning the same thing as an "estate" in a tract of
land. These two words are not unfrequently used as con-
vertible terms. In the Code of Virginia of 1860, chap-
ter one hundred and sixteen, sections two and five, and
in the Code of 1868, chapter seventy-two, section eleven,
the word interest is employed to represent "estate" and
as meaning the same thing. The word "interest," as
coupled with the word "life." in the deed from plaintiff
to defendant evidently means a life estate ; and taking
the whole sentence together, the "life estate" means an
estate for the life of the grantor. Reading the sentence
as thus construed, it would be thus: And it is further
understood that I, Shadrach Hurst, "hold" an estate for
my life in the above tract of land. What was the
meaning and intention of the grantor in the use of the
word "hold" as employed in the foregoing sentence ?
We must gather the intention of the parties, as well as
we can from the words of the deed. And in construing
the deed all the parts are to be taken together, and force
given to the grant, and reservations, according to the in-
tention of the parties. *French v. Carhart,* 1 Comstock,
(N. Y.), 109, opinion of judge Johnson ; *Swick v. Sears,*
1 Hill (N. Y.) 19 ; judge Bronson, in delivering the
opinion of the court in this case, says, "The offer to show,
by parol evidence, what the parties intended by the
deed, or the reservation which it contains was properly
overruled. After ascertainining the existing state of
things, at the time the deed was executed, the instrument
be left to speak for itself. We cannot give any effect to
what the parties may have said, at the time, by way of
enlarging the operation of the deed, without in effect al-

lowing the instrument to be contradicted by parol, and saying that the title to real estate may pass without writing." *Richardson v. York* &c; 14 Maine 216. The sentence immediately preceding the one under consideration reads, "It is fairly understood that the above described tract or parcel of land is to be the said Martin V. B. Hurst's share of his father's, Shadrach Hurst's estate." The purport of the deed shows the money consideration for the deed was only nominal, and this fact, connected with the sentence just quoted, shows clearly that the conveyance of the land was a mere gift by the father to the son, and that the deed was in fact what is frequently called a "will deed," and should be construed accordingly. The purport of the deed, or rather the *habendum* purports to pass a fee simple estate. It is admitted that the grantor was, at the date of the deed, the rightful owner in fee simple of the land. And if he was conveying an estate in fee simple, why did he use the words, "And it is further understood that I, Shadrach Hurst, hold a life interest in the above described tract of land?" Clearly it was not used for the purpose of describing the estate intended to be conveyed to the grantee by the deed; nor was it intended to describe the estate of which the grantor was possessed, and intended to be passed Then for what purpose was the sentence inserted in the connection where it is employed? Evidently to express a reservation in behalf of the grantor, and that reservation was an estate for the life of the grantor. The legal effect, then, of the sentence under consideration, as contained in the deed, when considered in connection with other parts of the deed is precisely the same as if the grantor had said in the deed, "And it is further understood that I, Shadrach Hurst, hold a life interest in the above described tract of land." While the deed stands as the act of the parties, parol evidence cannot be received to contradict or control it. This elementary general rule has been applied to the case of reservations in deeds. *Webster v. Webster*, 33 New Hamp. 22; *Swick v. Sears*,

1 Hill (N. Y.) 17; *Noble v. Bosworth*, 19 Pick (Mass.) 314. In the case last cited, Shaw, judge, in delivering the opinion·of the court, says: "It would as well be contrary to the general rule of the common law, which provides that the terms of an instrument in writing shall not be altered or controlled by a parol agreement, as against the provision of the statutes, which requires that all rights and interests in real estate, shall be manifested by some instrument in writing, and that no action shall be be brought on any agreement for the sale of land, or any interest in or concerning the same, unless in writing. It is as much against these rules to admit parol evidence, to prevent or restrain the legal inferences and consequences of a deed, as to control and alter its express provisions. *Pattison v. Hull*, 9 Cowen, (N. Y.) 754." See also *Pasley v. English*, 5 Gratt., 141; *Carpenter v. Millard*, 38 Vermont, 16.

It is true that when the language used is susceptible of more than one interpretation, it has been held that courts will look at the surrounding circumstances, existing when the contract was entered into, the situation of the parties and of the subject matter of the instrument; and sometimes when the words are ambiguous the courts will call in aid the acts done under it, as a clue to the intention of the parties. See *French v. Carhart*, 1 Comstock (N. Y.) 109. But in this case the language is not so ambiguous as to admit, or require such evidence to a proper understanding of the meaning of the parties as to the character, quality and extent of the estate intended to be reserved by the grantor to himself. I think it is clear upon full consideration that the plain purpose and legal effect of the deed in question, was, and is, to convey to the grantee, an estate in fee simple to commence on the death of the grantor, and to reserve to the grantor an estate for and during, his life, in the lands; and that parol evidence of acts or declarations of the parties, or either of them, after or at the time of the execution of the deed, to enlarge, explain, restrict or alter the plain legal effect

of the deed is incompetent, and inadmissable ; and that it was proper for the court to construe and determine the legal effect of the deed and to instruct the jury thereon. And I am of opinion, for the reasons above stated, that the instructions given by the court to the jury, at the instance of the plaintiff in this case were and are, correct, and that the court was right in refusing to give the instructions asked by the defendant. The judgment of the court below must, therefore, be affirmed with costs and $30 dollars damages to the appellee against the appellant.

The other Judges concurred.

JUDGMENT AFFIRMED.