JACK v. WALKER, Auditor, et al.

(Circuit Court, S. D. Ohio, W. D. March 18, 1897.)

1. TAXATION OF MORTGAGES IN HANDS OF AGENT OF NONRESIDENT.
   Debts owned by a nonresident of the state of Ohio, evidenced by notes and mortgages upon real estate within the state, are not taxable there, under Rev. St. Ohio, §§ 2731, 2734, 2735, although the notes and mortgages are in the hands of a resident agent, who made the loans, and collects and remits principal and interest as they become due.

2. SAME.
   A mortgage, being a mere chose in action, follows the person of the owner, and is taxable only in the state in which he resides.

Paxton, Warrington & Boutet, for complainant.
Milton Clark and Brown, Brandon & Burr, for respondents.

SAGE, District Judge. The complainant, a citizen of New York, sues to enjoin the defendants from placing upon the tax duplicate of Warren county, Ohio, the sum of $297,794 of moneys and credits belonging to complainant, being the aggregate of promissory notes secured by mortgages given to complainant upon real estate within said county in the years 1889, 1890, 1891, 1892, 1893, and 1894 for loans made by him through George W. Carey, his agent; and from adding thereto 50 per cent. penalty,—that is to say, $148,897,—making the total of $446,691, upon which the defendants threaten to illegally assess taxes against the complainant. The defendants set up in their answer that the moneys and credits mentioned and specified in the bill were, in the years named, invested, loaned, and controlled by said agent, who was, during all of said years, a resident of said county and state; and that none of them have at any time been listed for taxation either by complainant or by said agent. Further answering, they say:

"That the statutes of the state of Ohio provide that every person of full age and sound mind, residing within said state, shall list for taxation all moneys invested, loaned, or otherwise controlled by him as agent, or on account of any other person or persons whatsoever, in the county in which such agent would be required to list the same if such property were his own."

Complainant excepts for insufficiency. Section 2734 of the Revised Statutes of Ohio provides that every person of full age and

sound mind shall list the personal property of which he is the owner, and all moneys in his possession, all moneys invested, loaned, or otherwise controlled by him, as agent or attorney, or on account of any other person or persons, company, or corporation whatsoever, etc.

The answer admits that the complainant is a nonresident of the state of Ohio. The exception presents the question whether debts owned by a nonresident of the state, evidenced by notes and mortgages upon real estate within the state, are there taxable by reason of the agency and control set forth in the answer. The contention for the defendants is that, although the complainant was not and is not a resident of Ohio, the authority and control vested in his resident agent to make the loans and collect and remit interest and principal as they became due constituted such a holding by such agent as under the Ohio laws subjected the property to taxation. Section 2731, Rev. St. Ohio, provides that:

"All property, whether real or personal, in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this state shall be subject to taxation."

This is the section which designates the property to be taxed. It is urged for the complainant that its proper construction is that all tangible property, real and personal, whether belonging to residents or nonresidents, and all intangible property belonging to residents, is subject to taxation, and that section 2734 defines who shall list personal property for taxation. This section, it is contended, can have reference only to such property as is subject to taxation in Ohio. Intangible property, such as credits belonging to nonresidents, it is claimed is not subject to taxation, and therefore directions as to how taxable property should be listed are immaterial, inasmuch as such property as that owned by the complainant, a nonresident, was not intended to be covered by the section. The notes, it is argued, are not property: they are merely evidences of indebtedness; and, if destroyed, the right of the complainant to enforce the obligation would remain intact, and could not be questioned. The supreme court, in Kirtland v. Hotchkiss, 100 U. S., at page 498, said:

"It is none the less property because its amount and maturity are set forth in a bond. That bond, wherever actually held or deposited, is only evidence of the debt, and, if destroyed, the debt—the right to demand payment of the money loaned, with the stipulated interest—remains."

In the case of State Tax on Foreign-Held Bonds, 15 Wall. 300, it was held that a mortgage, being a mere chose in action, only confers upon the holder or the party for whose benefit it is given the right to enforce payment of his demand by foreclosure and sale; a right which has no locality independent of the party in whom it resides. Applying that case to the present, the true property resided in the complainant, and not in his agent. This is practically the view taken by the supreme court of Ohio in Worthington v. Sebastian, 25 Ohio St. 10, where the court used the following language:

"Intangible property has no actual situs. If, for the purposes of taxation, we assign it a legal situs, surely that situs should be the place where it is owned, and not the place where it is owed. It is incapable of a separate

situs, and must follow the situs either of the creditor or the debtor. To make it follow the residence of the latter, is to tax the debtor, and not the creditor; to tax poverty instead of wealth. That it is the creditor, and not the debtor, that is to be taxed, and that the tax is to be imposed by the law of the creditor's place of residence, seems to be quite well settled by authority."

Counsel for defendants claim that the moneys and credits of complainant, having been invested and controlled by his agent within this state during the years mentioned in the bill, were taxable in the state under the laws thereof; citing sections 2731 and 2734 of the Revised Statutes, already quoted in this opinion. They refer also to section 2735, which enacts that "every person required to list property on behalf of others shall list the same in the same township, city or village, in which he would be required to list it if such property were his own," and they rely upon the second paragraph of the syllabus of Grant v. Jones, 39 Ohio St. 506 (the syllabus being, in Ohio, the authoritative statement of the ruling of the court), which reads as follows:

"Credits owned by a nonresident of this state. are not taxable here, unless they are held within the state by a guardian, trustee, or agent of the owner, by whom they must be returned for taxation. The fact that such credits are secured by mortgage on real estate within this state does not change the rule that credits are to be taxed at the residence of the creditor, and not of the debtor."

In that case the court found that the complainant, who sued to recover taxes assessed against him, was a nonresident of this state, which he visited as often as once a year in his business as a peddler, and looked after his investments, remaining only so long as was necessary, then departing, and carrying his notes and mortgages with him. The court below found that his residence for the purpose of taxation was in the state and in the county where the tax was levied. The supreme court reversed that finding. There was no evidence that he had any agent, or that his money or notes or mortgages were held in any sense of the word by any one other than himself. That portion of the syllabus, therefore, which declares that credits owned by a nonresident of this state are not taxable here unless they are held within this state by a guardian, trustee, or agent of the owner, by whom they must be returned for taxation, was not, so far as the exception stated is concerned, necessary to the decision of the case, and must be regarded rather as obiter dictum than as authoritative. Even if it be recognized as authoritative, if we refer to the definition of the word "hold," we find that, as given by Anderson in his Law Dictionary, it means "possessed by lawful title," as "hold a note" or "bond"; "hold lands" or "property"; "to have and to hold" described premises; "hold" office; "hold" a fund or lien, a policy of insurance, a share, stakes, stocks, etc.; whence also "freehold" or "leasehold."

In Witsell v. Charleston, 7 S. C. 99, it was decided that, "as a technical term, 'hold' embraces two ideas,—that of actual possession of some subject of dominion or property, and that of being invested with legal title or right to hold or claim such possession." A similar ruling was made in Hurst v. Hurst, 7 W. Va. 297. It was recognized, however, in Witsell v. Charleston, that the interpretation of the word might

be so controlled by the context as to require that it be construed to signify to have in possession or under control merely. In Godfrey v. Godfrey, 17 Ind. page 9, the supreme court referred to the statute of that state on the subject of partition, which provided that "all persons holding lands," etc., might have partition. The court said, "We do not construe the word 'holding,' thus used, as requiring actual occupancy, but as equivalent to owning or having title to lands," etc. See, also, Smith v. Gaines, 39 N. J. Eq. 547. This construction of holding, if applied to Grant v. Jones, makes the ruling of the court harmonious with the provision of section 2734 that the property of every person for whose benefit it is held in trust shall be listed by the trustee. If the word is to be construed in the popular sense of only having possession and control for certain specified purposes, as in the case of an agent acting for his principal, the ruling of the court is in conflict with the case of State Tax on Foreign-Held Bonds, 15 Wall. 300. In that case the supreme court limited the power of taxation of a state to persons, property, and business within its jurisdiction, but held that debts owing by corporations or by individuals were not property of the debtors in any sense, but obligations possessing value only in the hands of the creditors whose property they were, and in whose hands they might be taxed. The court, recognizing that a mortgage is a mere chose in action, conferring upon the holder nothing more than the right to proceed against the property to enforce payment of the secured demand, declared that this right had no locality independent of the party in whom it resided, and that it might be taxed by the state "when held by a resident therein, but, when held by a nonresident it is as much beyond the jurisdiction of the state as the person of the owner." That case was cited with approval in Tappan v. Bank, 19 Wall. 499; Kirtland v. Hotchkiss, 100 U. S. 497; Hagar v. Reclamation Dist., 111 U. S. 709, 4 Sup. Ct. 663; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 208, 5 Sup. Ct. 826; and Pullman's Palace-Car Co. v. Pennsylvania, 141 U. S. 22, 11 Sup. Ct. 876. In State v. Ross, 23 N. J. Law, 517, the supreme court of New Jersey said:

"A personal tax is a burden imposed by government on its own citizens for the benefits which that government affords by its protection and its laws, and any government which should attempt to impose such a tax on citizens of other states would justly incur the rebuke of the intelligent sentiment of the civilized world."

No extent of authority or power of control given to an agent in the state could divest the principal's ownership of the subject-matter of the agency, nor could any possession or holding by the agent so operate short of a holding in the technical sense above referred to. Therefore the fact, if it be a fact, that Carey, the agent, made the investments for his principal,—that is to say, loaned his principal's money, and controlled the course of the transaction relating thereto,—could not operate to bring the principal, a nonresident, within the jurisdiction or reach of a law of the state relating to taxation. What the defendants are seeking in this case is to impose the taxes on account of the mortgages, which, if complainant were a resident

of the state, would be properly classed as credits taxable against him. The Case of the State Tax on Foreign-Held Bonds is sufficient as authority for this court, but it may be proper to add that the same question was involved in the case of Davenport v. Mississippi & M. R. Co., 12 Iowa, 539, where it was held that both in law and equity the mortgagee has only a chattel interest. The court said it was true that "the situs of the property mortgaged is within the jurisdiction of the state; but the mortgage itself, being personal property, a chose in action, attaches to the person of the owner. It is agreed by the parties that the owners and holders of the mortgages are nonresidents of the state. If so, and the property of the mortgage attaches to the person of the owner, it follows that these mortgages are not property within the state, and, if not, they are not the subject of taxation." In People v. Eastman, 25 Cal. 603, it was held that a mortgage has no existence independent of the thing secured by it. The payment of the debt discharges the mortgage. "The thing secured is intangible, and has no situs distinct and apart from the residence of the holder. It pertains to and follows the person. The same debt may at the same time be secured by a mortgage upon land in every county in the state; and if the mere fact that the mortgage exists in a particular county gives the property in the mortgage a situs subjecting it to taxation in that county, a party, without further legislation, might be called upon to pay the tax several times, for the lien for taxes attaches at the same time in every county in the state, and the mortgage in one county may be a different one from that in another, although the debt secured is the same." To secure the same debt, there might be a mortgage in every state of the Union, and the aggregate of the taxes which could be levied for a single year, but for the rule above stated, might be equal to, or even exceed, the entire amount of the mortgage debt.

In Railroad Co. v. Morrow, 87 Tenn. 406-438, 11 S. W. 348-355, Judge Lurton, of this circuit, then a member of the supreme court of Tennessee, speaking for that court, declared that bonds held by nonresidents of the state were intangible property, which could have no actual situs; that they were mere evidences of debts by the company to the holders and owners thereof, and that by no rule of fiction could the jurisdiction of the state be held to extend to the property which a nonresident has in a debt which he holds against a resident. "The creditor," said the court, "cannot be taxed, because he is not within the jurisdiction; and his property cannot be taxed, because it is not within the jurisdiction." The supreme court of Ohio, in Bradley v. Bauder, 36 Ohio St. 28-36, while holding that an owner, residing in Ohio, of shares of stock in a foreign corporation (which shares the court recognized as property), are taxable in this state, held that the situs of a chose in action is, for purposes of taxation, the domicile of the owner, although it be secured by a mortgage upon realty in this state, and, by agreement of the parties, expressly made subject to its laws.

In Myers v. Seaberger, 45 Ohio St. 232, 12 N. E. 796,—four years later than Grant v. Jones,—the supreme court held "that a loan of

money secured by mortgage on real estate is a credit, within the meaning of the statutes of this state providing for the taxation of property; and, where the creditor resides in another state, is not subject to taxation in this, although the securities are in the hands of an agent residing here, intrusted by the terms of his agency with the collection of the interest and principal when due, and its transmission to the creditor when collected." It is true, the court in that case distinguished between a power in the agent to collect loans and transmit to his principal and a power to loan or invest money for the principal. But, as we have seen, mere power conferred upon an agent cannot properly be held to vest in him any ownership or title. By way of illustration, could it be seriously and intelligently contended that a resident lawyer, who has in his possession and control, for the purposes of pending litigation, bonds or notes and mortgages or other securities belonging to a nonresident, must list them for taxation by reason of such holding and control? Whether, if a nonresident principal places money in the hands of a resident agent, who has it in his possession, and holds it under such circumstances as would make it taxable if it were his own money, he thereby subjects that money to taxation, is not a question pertinent to this case. What is sought here is to tax the credits—that is to say, the choses in action—of the plaintiff, who is a nonresident. This cannot be done upon any proper construction of the statute, nor could it be done if the statute were so amended as in terms to include such a case.

There are other forms of statement of substantially the same exception, but, as they involve the same questions, it is not necessary to refer particularly to them. They all fall within the principle above announced. The exception will be sustained, with leave to the defendants to present to the court an amended answer, and apply for leave to file the same.