# CHARLESTON.

## FLINN v. BOSO.

### Submitted January 23, 1917.　Decided January 30, 1917.

1.　COVENANTS—*Evidence—Contract to Provide Home and Care.*

　　Where a substantial part of the consideration for the grant of land, as stipulated in the deed, is a covenant on the part of the grantee, that he will provide and furnish a home and care for the grantor during the balance of his natural life, no place being specified, the legal effect of such covenant is that such home and care shall be provided and furnished wherever the grantor may reasonably elect to receive the same, without occasioning unnecessary expense to the grantee; and as a general rule evidence of an alleged prior or cotemporaneous oral agreement that such home and care was to be at the home of the grantee on the land conveyed, or elsewhere, is inadmissible.　(p. 496).

2.　SAME—*Agreement to Provide Home and Care—Election as to Place.*

　　The fact that for a time after such grant the grantor remained at the home of the grantee on the land conveyed, and was cared for there, will not constitute an irrevocable election to ever afterward accept performance of such covenant at that place.　(p. 498).

3.　AGREEMENT TO PROVIDE HOME AND CARE—*Instructions.*

　　Instructions to the jury in the case at bar in conflict with the foregoing principles should have been rejected, and the jury properly instructed in conformity thereto. . (p. 498).　·

Error to Circuit Court, Wood County.

Action by Jackson Flinn against Walter Boso.　Judgment for defendant, and plaintiff brings error.

　　　　　　*Reversed and remanded for new trial.*

*William Beard,* for plaintiff in error.　·

*R. E. Bills* and *C. M. Hanna,* for defendant in error.

MILLER, JUDGE:

　In assumpsit plaintiff sought a judgment against defendant, first, for his alleged breach of the contract to furnish him a home, and to care for him the balance of his natural life; and second, for the value of certain corn, wheat, and hay, and

certain household and kitchen utensils, described in a bill of particulars filed with the declaration.

On the first trial, on defendant's plea of non assumpsit, plaintiff obtained a verdict for nine hundred dollars, which the court set aside and awarded the defendant a new trial, but the evidence on that trial has not been brought up, and we cannot consider the points of error made in relation thereto. On the second trial, upon the evidence and instructions to the jury, given by the court and at the instance of the parties, the verdict was for the defendant, and the judgment complained of was nil capiat.

The contract alleged to have been breached by the defendant is contained in a deed from plaintiff to defendant, of July 19, 1911, for the home farm on which the plaintiff resided at the time, containing eighty four acres, more or less, in Wood County, as follows: "That in consideration of the said second party providing and furnishing a home for said first party and also caring for said first party during the balance of his natural life, (the estate of said first party other than the estate herein conveyed shall be liable for first party's Doctor bills and funeral expenses), and the sum of $1000.00 cash in hand this day paid, the receipt of which is hereby acknowledged, doth the said first party hereby grant, bargain, sell and convey, with covenants of general warranty, unto the said second party, all that certain lot, tract or parcel of land", etc.

Of the points of error relied on the first is, that the court erred in admitting, over the plaintiff's objection, defendant's evidence of a cotemporaneous oral agreement, adding to or variant from the terms of the contract contained in the deed. The effect of this evidence was that plaintiff was to stay with defendant, and he was to furnish him a home upon the place, and that defendant had ever since been ready and willing to provide the necessaries of life as provided in the contract. It is said that this evidence is violative of various rules of evidence: (1) Barring the admission of prior or cotemporaneous oral declarations of the party to the instrument, of an expression of intent different from that expressed therein, or that to be derived from its terms, such declarations not

being within the rule permitting extrinsic evidence of the situation of the parties and the surrounding circumstances at the time of the execution of the instrument; (2) Barring such oral evidence to alter, contradict, or explain a plain or even an ambiguous contract; (3) Barring parol evidence of the acts or declarations of the parties at the time to enlarge, restrict, or explain the intention of the parties as expressed in the deed, or to vary the legal effect thereof as clearly manifested by the deed itself; (4) That in the absence of fraud or mistake all previous negotiations resting in parol are resolved into and extinguished by the writing, it being the highest and safest evidence of the true final agreement of the parties.

It is contended for plaintiff that though no specific place is designated in the contract for its performance by defendant, and where the defendant should furnish a home and care for him, the legal effect thereof is to require such home and care for him wherever he might elect to receive the same, without occasioning unnecessary expense. The authorities relied on in support of this proposition are: *Norton* v. *Webb*, 36 Maine 270, 58 Am. Dec. 745; *Tuttle, et al* v. *Burgett's Admr.*, 53 Ohio St. 498, 53 Am. St. Rep. 649; *Wilder* v. *Whittemore*, 15 Mass. 262; *Crocker* v. *Crocker*, 11 Pick. (Mass.) 252; *Thayer* v. *Richards*, 19 Pick. (Mass.) 398; *Pettee* v. *Case*, 2 Allen (Mass.) 546; *Hubbard* v. *Hubbard*, 12 Allen (Mass.) 586; *McArthur* v. *Gordon*, 126 N. Y. 597; *Stillwell* v. *Pease*, 4 N. J. Eq. 74; *Rowell* v. *Jewett*, 69 Me. 293.

We have carefully examined all these decisions and the principles upon which they are predicated, and have reached the conclusion that they fully sustain the proposition for which they are cited. In only one of them, *McArthur* v. *Gordon*, the New York case, are any exceptions to the general rule noted, and they were not applied in that case. As stated in the syllabus they are: (1) Where there is great inadequacy of consideration; (2) where family arrangements are made involving the support of some of its members by others who have been accustomed to live together; (3) or where the circumstances of the case or the language of the instru-

ment indicate an intent that support shall be furnished in a particular manner, at a particular place, or by particular persons.

In the case at bar the consideration was not inadequate; the evidence tended to show that the farm conveyed was worth more than two thousand dollars, only one thousand dollars being paid in cash. Plaintiff was an old man; his life and habits simple, and the expense of maintaining him not great. The contract was not between members of the family for his maintenance and support, but one he personally made, and though the grantee was related to him by marriage, it was upon full consideration, and there is nothing in the deed itself indicating that the support to be provided should be in a particular manner, or at a particular place, but that the consideration in part for his deed was that the second party should provide and furnish him a home during the balance of his natural life.

The question then recurs, was the evidence of an oral or cotemporaneous agreement competent to vary, take from, or modify this provision in the deed, or detract from its natural import? The rules of evidence, or some of them, and the authorities above cited, we think, would exclude such evidence. Counsel for defendant, however, contend that the evidence is admissible under the general rule that where the instrument is incomplete, or the consideration not fully expressed therein, oral evidence of a cotemporaneous agreement is competent to show what the real consideration was. But is that rule applicable where, as in this case, the instrument on its face, and as a part of the consideration therefor and in specific terms calls for the maintenance and support of the grantor? We do not think it is. If so, such provisions, however specific in terms, might be explained away, and rendered nugatory and ineffectual, or the purpose of the grant be frustrated and done away with. The authorities above cited deny such a proposition, and some of them, if not all, hold that oral evidence is incompetent in such cases to affect the provision in the instrument. Such a provision is just as sacred as any other provision thereof, and where its language or import is plain, or its legal effect and meaning clearly

manifested, oral evidence is incompetent to deprive the contract of its legal effect. *Hurst* v. *Hurst,* 7 W. Va. 289, point 4 of the syllabus; *Noble* v. *Bosworth,* 19 Pick. (Mass.) 314; *Crislip* v. *Cain,* 19 W. Va. 438, 442, syllabus, point 19; *Pattison* v. *Hull,* 9 Cowen (N. Y.) 754; *Pasley* v. *English,* 5 Grat. 141; *Carpenter* v. *Millard,* 38 Vt. 16; *Long* v. *Perine,* 41 W. Va. 314; *McGuire* v. *Wright,* 18 W. Va. 507, Syl. 3; *Howell* v. *Behler,* 41 W. Va. 610, Syl. 3.

As controverting this proposition counsel for the defendant rely upon *Blose* v. *Blose,* (Va.) 86 S. E. 911, and our cases of *Wilfong* v. *Johnson,* 41 W. Va. 283, *Johnson* v. *Burns,* 39 W. Va. 658, *Lambert* v. *Lambert,* 66 W. Va. 521, *Iron Works* v. *Supply Co.,* 68 W. Va. 521, and *Rymer* v. *South Penn Oil Co.,* 54 W. Va. 537. In *Blose* v. *Blose, supra,* the consideration recited in the deed was three thousand dollars, twenty one hundred dollars paid in cash, and nine hundred dollars to be paid later without interest. The evidence showed that fifteen hundred dollars of the cash payment recited was for debts of the grantee's mother, and six hundred dollars as compensation to the grantee for the use of the money paid out by him before he was supposed to get any returns from the land conveyed. On the same day a lease of the land was executed by the grantee to the grantors, containing numerous provisions, among others, "it is further understood that in any event the parties of the second part are to have their lifetime maintenance from the place." It was held that parol evidence was admissible to show the real consideration for the deed, which was not fully recited therein. In that case the rule for which it was cited by counsel was clearly applicable. In the case at bar the provision for maintenance and support is fully expressed in the deed, a very substantial part of the consideration. The court in the Virginia case says, pertinent to the case at bar: "The agreement for the support of the grantors thus clearly appearing as a substantial part of the consideration for the conveyance, a court of equity will construe it liberally in favor of the grantors, and will find some means for its enforcement. If there be a doubt as to the place or manner of performance, the doubt will be resolved in favor of the beneficiaries. If the relief required

is without exact precedent, the court can and will devise a remedy. to fit the circumstances.''

In *Wilfong* v. *Johnson, supra,* the deed involved recited a nominal consideration of fifty dollars, and it was held competent to show by oral evidence that the real consideration was that the grantee should support his father and mother during their natural lives.. The case of *Johnson* v. *Burns, supra,* involved a contract for the purchase of logs at a given price per cubic foot, and no mode of measurement being specified, oral evidence was held competent to prove a cotemporaneous oral agreement that a certain mode of measurement should be adopted, this because the contract was otherwise incomplete. Our other decisions cited are all distinguishable from the case at bar, and do not support the proposition for which they are cited. Nor does our case of *Korne* v. *Korne,* 30 W. Va. 1, point 4 of the syllabus, support the views of defendant's counsel. In that case the deed specifically provided that the support of the grantors was to be on the farm and in the portion of the dwelling house thereon, and it was properly decided.that the grantee could not be compelled to support the grantors elsewhere. We are, therefore, clearly of opinion that the evidence of the supposed parol agreement was improperly received.

The giving and refusing of instructions is next complained of. Plaintiff proposed two instructions, number one saying that under the provision of the contract it was the duty of defendant to furnish the home and support required thereby at such reasonable place as the plaintiff might require or elect to receive the same. But the court added to this instruction the words, ''in the absence of an agreement, either express or implied, that such support and maintenance was to be furnished at the home of the defendant, and in determining where such support and maintenance was to be furnished the jury may take into consideration said deed, the acts of the parties, the circumstances of the parties at the time the contract was made, their relationship, if any appears, where they resided theretofore, along with the other evidence in the case.'' We think the instruction as proposed correctly stated the law of the case and that the addition of the court, based

as it must have been mainly upon the incompetent oral evidence admitted, is erroneous. The decisions cited for defendant in support of the instruction as modified we think inapplicable as they either fall within one or more of the exceptions to the general rule, or are inapplicable to the case.

· Based on *Norton* v. *Webb,* 36 Me. 270, 58 Am. Dec. 745, it is proposed to support this modification on the theory of an election by the plaintiff to receive such support and maintenance at the defendant's home. The opinion in that case is a very short one, and does seem to support the proposition that an election once made is irrevocable. But as applied to the case at bar we do not think plaintiff was finally bound by any election. True, he remained on the farm after the conveyance, but left for causes which he thought justified him, and we do not think it can be properly said he was bound and concluded forever afterwards to receive his support and maintenance on the farm. In *Tuttle* v. *Burgett, supra,* it was decided, under a mortgage conditioned for the support of the mortgagee, that he had the right to such support wherever he should choose to reside, "subject to the qualification that the place selected shall not impose needless expense on the mortgagor", and moreover, that the mortgagor had no right to insist that such support should be received at his place of residence. And pertinent to the specific question now being considered, one of the points of the syllabus in that case says: "Testimony as to what was said prior to the execution of a mortgage conditioned for the support of the mortgagees as to where they were to live after such execution is not admissible to vary the effect of the mortgage, so as to obligate the mortgagor to furnish such support only at his own residence."

In the New Jersey case of *Stillwell* v. *Pease, supra,* the contention, as here, was that defendant was not bound under the provision in the will to support the plaintiff, except upon the home farm, where she and her mother, another beneficiary, had resided for some time and been supported. The court said: "There is nothing in this objection; John Pease takes the farm with this reserve, 'that the said John Pease. or his heirs, afford a lawful maintenance of my daughter,

Ann Stillwell, and her two daughters, named Charlotty and Lucinda Stillwell, from said farm, as long as they live and should want the same.' There is no condition annexed, in this part of the devise; and in the latter part of the will, where it is provided that Ann Stillwell should abide on the farm with her two daughters, it is only during the life of Ann Stillwell, and any argument which might possibly be founded upon that part of the will, is destroyed by the death of Ann Stillwell, the mother. I do not mean to intimate that even in the life time of Ann Stillwell, the complainant Charlotte Stillwell, would be bound to abide on the home farm in order to entitle her to the support provided by the will of her grandfather. This cannot operate oppressively to the defendants, for the court will take care that the charge for the support be fair and reasonable.''

The modification by the court of plaintiff's instruction number two, given as modified, was not excepted to, and we are not called upon to consider it. It concededly states the law upon the facts assumed, and there was evidence in the case tending to support the theory of the instruction.

Exception was taken also to instructions numbered two, three, four, and eight, given at the instance of the defendant. Number two, based on the improper evidence admitted, propounded the proposition that if plaintiff, without good cause, left the home of the defendant, he was entitled to recover nothing for failure of the defendant to furnish him a home and care for him elsewhere. This was error; it should have been rejected. Instruction number three was also erroneous for substantially the same reason. Instruction number eight was erroneous because it undertook to submit to the jury, on evidence not conflicting, the proper construction of the contract. In such cases the construction of the contract is for the court and not for the jury. Moreover, it is based in part upon the incompetent evidence admitted, and is erroneous for that reason.

Instruction number four told the jury that if they believed from the evidence that the plaintiff left the property, mentioned in his bill of particulars, at the home of the defendant, and had not received possession thereof, he could recover

nothing against the defendant therefor, unless they should further find that defendant had converted the property to his own use, and derived some pecuniary benefit therefrom. As applied to the few household and kitchen utensils, described in the bill of particulars, we think the instruction was correct, but as applied to the corn, wheat, and hay, which defendant admits he used and consumed, though with the consent of the plaintiff, the instruction is inapplicable and erroneous, and does not propound a correct legal proposition. While plaintiff admits, for reasons given, that he consented that defendant should use the corn, wheat, and 'hay, it is not pretended that he meant to give this property to him; nor is there anything in the evidence to justify such a conclusion. Defendant does not pretend that the deed covered this property, or ·that he had any other contract therefor, other than that he might make use of the same. Moreover, he says, after the agreement that he might use this corn, wheat, and hay, he did not bring on the farm and use his own grain located elsewhere, but sold it and kept the money. Upon these facts the law implies a contract to pay for the grain, and the jury should have been so instructed.·

From the foregoing it follows that the court also erred·in denying plaintiff's motion to set aside the verdict and grant him a new trial, and in pronouncing the judgment of nil capiat complained of. We, therefore, reverse the judgment, set aside the verdict of the jury, and award the plaintiff a new trial, and remand the case to the circuit court for further proceedings to be had therein according to the principles enunciated and further according to rules and principles governing courts of law. Plaintiff will also be given judgment for his costs incurred in this court; the costs in the court below to abide the result of the new trial awarded.

<em>Reversed and remanded for new trial.</em>