R. H. ASBURY *v.* C. C. BURFORD *et al.*

(No. 7971)

Submitted November 21, 1934. Decided December 22, 1934.

*D. B. Dawson* and *Lillian S. Robertson,* for appellant.
*J. M. Life,* for appellees.

MAXWELL, JUDGE:

The trial court refused relief to the plaintiff and dismissed his bill. This appeal followed.

On February 26, 1930, the plaintiff, R. H. Asbury, age seventy, conveyed to the defendants, A. M. Burford and her husband, C. C. Burford, two tracts of land aggregating sixty-one acres in Union district of Kanawha County. A. M. Burford is a daughter of the plaintiff. (It is regretted that the Christian names of the parties to this suit cannot be stated in this opinion, but it is impossible to do so because they are impleaded only by the initials of their Christian names. This is not good practice.)

The consideration recited in said deed is love and affection of the party of the first part for the parties of the second part; that the grantees are "to keep, maintain and take care of the said R. H. Asbury as long' as said first party lives"; and that the said grant shall constitute the full interest of the daughter in the real estate of the grantor. The place and manner of the support and maintenance are not indicated. The deed further recites that the grantor "does hereby reserve a lien upon the same (two parcels of sixty-one acres) for the unpaid purchase money."

The specific prayer of plaintiff's bill is for cancellation of the deed. There is also a prayer for general relief.

The gravamen of plaintiff's complaint is that, as a

member of the household of his daughter and son-in-law, following the execution of the deed, he was treated so badly by them that his life was made miserable and he is unwilling to try further to make his home with them. It appears from the record that he left the home January 12, 1932, and instituted this suit two days later. The defendants deny they mistreated the plaintiff, and assert, on the contrary, they treated him well. They further say they are willing for him to continue to live in their home, and they will maintain him and care for him in proper manner.

The record indicates some lack of harmony and occasional quarreling between the plaintiff and other members of the household within the period of seven or eight months prior to December 26, 1932. On the night of that day, there was a personal encounter between plaintiff and his son-in-law, resulting in some injuries to the plaintiff. Whether this trouble was precipitated by petulance of the plaintiff or by irascibility of his son-in-law, the record is not clear.

Taking the factual presentation on the whole, however, it appears that the presence of the plaintiff in the Burford household as a member thereof occasioned friction which has produced a state of mind on the part of both the plaintiff and his son-in-law which, in all probability, would render impractical and fruitless any future effort on the part of the plaintiff to make his home with the Burford family.

Though, in his bill of complaint, plaintiff prays specially for the cancellation of the deed, he takes the position on this appeal that the evidence probably not being sufficient to sustain said relief, he should, however, under his prayer for general relief, be decreed support and maintenance elsewhere than at the home of the defendants, by virtue of said vendor's lien, and that the reasonable cost of such support and maintenance be held to be a lien upon the land.

There is not expressly reserved in the deed a lien to secure to the grantor therein the support and maintenance, in consideration of which (save love and affec-

tion) he made the grant, nor does the deed in express terms make such support and maintenance a charge upon the land. Courts of equity, however, will treat as sufficient to create a lien or charge on land any language in such a deed which indicates the intention of the grantor to fasten upon the land the burden of his support. *McClure* v. *Cook,* 39 W. Va. 579, 20 S. E. 612; *White* v. *Bailey,* 65 W. Va. 573, 64 S. E. 1019; *Loar* v. *Poling,* 107 W. Va. 280, 148 S. E. 114. As already noted, the lien reserved in the instant deed was to secure the payment of the unpaid purchase money. Considering that there was no unpaid purchase money, it must be deemed that the reservation was in respect of such obligation as the grantees were assuming by the acceptance of the deed; that the lien reserved was for the protection of the grantor in the matter of support and maintenance.

Inasmuch as the grantees acquired from the plaintiff valuable property in consideration of support and maintenance to be furnished by them to him, and, inasmuch, as they say they were perfectly willing to furnish the same, in their home, but the plaintiff being unwilling to return there to live (and the record seeming to justify his attitude in that particular), and the deed not specifying the place where the support shall be furnished, we are impressed that the court should require them to furnish support and maintenance to the plaintiff elsewhere than in their home, the same to be similar to what they could there furnish, their financial ability and status in life considered; and the defendants be not required to expend for such support and maintenance a sum in excess of what it would cost them if provided in their own home. *Flinn* v. *Boso,* 79 W. Va. 493, 92 S. E. 130; *Martin* v. *Ewing,* 112 W. Va. 332, 164 S. E. 859. These matters should be determined by the trial court. The reasonable cost of such support and maintenance shall constitute a charge upon the land.

We are therefore of opinion to reverse the decree of the trial chancellor and remand the cause for further

proceedings not at variance with the principles stated herein.

*Reversed and remanded.*